## CHAPMAN v. MCADAMS.

1. CHARGE OF THE COURT. *Specific instructions must be asked.* It is not error in the court to omit to charge a proposition of law requested by an attorney in his argument, but to put the court in error he must ask specific instructions when the judge charges the jury, or additional instructions after the charge is given.

2. SAME. *Evidence. Slight preponderance sufficient.* It is not error in the judge to charge the jury that a party must make out his case by a preponderance of proof, and that *a slight preponderance is sufficient.*

FROM BEDFORD.

Appeal in error from the Circuit Court of Bedford county. W. H. WILLIAMSON, J.

WARDER for Chapman.

SCUDDER for McAdams.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiff sued defendant upon a note of three hundred dollars, to which a plea of payment was filed.

The verdict was for defendant, and plaintiff has appealed in error to this court.

In the progress of the trial the parties were examined. The plaintiff swearing the note was not paid, and the defendant swearing that it was paid, and stating when and where he paid it. Other witnesses were examined, and numerous exceptions were taken by plaintiff during the trial to the admission of testimony. Without commenting, or stating them in detail, we are of opinion that the objections were not well taken, and were properly overruled.

The bill of exceptions states that "in the argument plaintiff's attorney called the attention of the court to the difference between positive and negative testimony, the effect of the conflicting testimony, and the weight to be given to interested and disinterested witnesses, the effect of proving he had paid the note at a particular place and time—and that being disproved,—and in his argument asked the court to charge upon this proposition. The court charged upon none of them."

Whether the request was to charge upon the last proposition, or upon the several points to which the attorney had called the courts attention in the argument, does not clearly appear.

The Circuit Judge was not asked to give any specific instructions upon the subjects to which the "plaintiff's attorney in his argument called the attention of the court," and we do not discover in the evidence anything making it necessary to the plaintiff's right to have a charge upon the difference between positive and negative testimony.

The only negative testimony in the record was that introduced by plaintiff, and a charge to the jury as to the comparative weight which must be given to positive and negative testimony could not have been of advantage to him. So as to the effect of conflicting testimony. No special instructions were asked or given, but the jury was told that the defendant must make out his plea of payment by a preponderance of evidence.

The only witnesses who appear to have been interested in the result of the cause were the parties them-

selves, and, as before stated, swore differently, and the jury were left to judge of their testimony, as of that of the witnesses, under the charge of the court, part of which was left out of the record as unexcepted to.

It also appears that in the argument of plaintiff's attorney he asked the court to charge upon "the effect of proving that he (defendant) had paid it (the money sued for) at a particular place and time, and that being disproved."

This was asking the court to assume that the fact of payment was disproved. We do not understand that the fact proved called for a charge.

The circuit Judge did not refuse to give any specific instructions asked for. The request for a charge upon the several subjects seem to have been made in the course of the attorneys argument of the cause to the jury, at a time when the court could not give them, and it does not appear that the attorney repeated the request when the judge charged the jury, or that he asked for any additional instructions after the judge had given his charge to the jury, or that the judge refused or was unwilling to charge upon the points named by the attorney in his argument to the jury.

Under such circumstances we cannot impute error to the court to the effect insisted on. The witness whose testimony is relied on, says he did not see the payment, and if it had been made in his store-room thinks he would have seen it, but that it might have been done without his knowing it.

Defendant stated the payment was made in the,

store of said last named witness, and he was in the room, but did not know that the witness saw him pay the money.

This is a pretty fair example of positive and negative testimony, and can not be held to be a conflict of testimony between two witnesses testifying positively to and against the existence of a fact, which each has equal means of knowing, and testifies to as of his own knowledge.

But it is also insisted that there is error in the charge of the court. In his instruction to the jury the judge said that the defendant should make out his plea by a preponderance of proof, and "*a slight preponderance is sufficient.*"

This, we think, is in accord with the rules of evidence in civil cases.

If the jury believes that evidence on one side preponderates, that is, outweighs that on the other, their verdict should be with the preponderating evidence. And we do not understand that the law requires that it should do more than outweigh the evidence on the other side, or that there is any calculable or conceivable *quantum* of evidence over and above that which makes a preponderance necessary to entitle the party introducing it to a verdict. Mr. Greenfield, in distinguishing between the *quantum* of evidence which is necessary to the finding of a verdict in civil and in criminal cases, says: "In civil cases the jury is to weigh the evidence carefully and to find for the party in whose favor the evidence preponderates, although it be not free from reasonable doubt; but in criminal

cases neither a mere preponderance of evidence, nor any weight of preponderant evidence is sufficient for the purpose, unless it generates full belief of the fact to the exclusion of every reasonable doubt. 3 Greenl. Ev., sec. 29.

In the case of *Ridley* v. *Ridley,* from the Chancery Court of Rutherford county, 1 Col., 330, it is said by the special Judge delivering the opinion of the court, that the burden of proof is on complainant to charge the estate of Henry Ridley by proving the payment of a certain note. The learned judge then adds, "this he must do, not merely (where there is a conflict in the proof) by having a mere preponderance in his favor, but the preponderance must be such as to satisfy the mind. It lies with him to satisfy the mind and conscience of the court that he is entitled to the money before any decree can be pronounced against the defendant for the same," citing as authority for this conclusion 1 Greenl. Ev., sec. 2.

The section cited does not discuss the *quantum* of evidence necessary, but defines tht differences between "competent," "satisfactory" or "sufficient," and cumulative evidence, and by way of defining and illustrating the difference in the meaning of the terms, says that by "competent evidence" is meant that which the very nature of the thing to be proven requires, as, "the production of a writing where its contents are the subject of inquiry." By "satisfactory or sufficient evidence" it is said is meant "that amount of proof which ordinarily satisfies an unprejudiced mind beyond reasonable doubt."

It is, we think, very. manifest that the author did not intend to say, or mean, that in a civil case a fact must be proved ˙ by evidence which satisfies the mind beyond reasonable doubt, for he says in vol. 3, sec. 29, already cited, that in civil cases it is the duty of the jury to weigh the evidence carefully and find for the party in whose favor it preponderates, although it be not. free from reasonable doubt.    And in vol. 1, sec. 13, it said, "'it is not necessary in civil cases that the minds of the jurors be freed from all doubt;" it is ˙ their duty to decide in favor of. the party on whose side the evidence preponderates, and according to the reasonable probability of truth."

And Judge Caruthers, in his "History of .a Law-suit," sec. 364, says:    "In civil cases juries are to give their verdicts according to the weight of evidence. A bare preponderance on one side or the other car-ries the verdict," and cites in support of this propo-sition 1 Greenl. Ev., sec. 13a.

An exception to this rule is in a civil case, stated to be in the case of the plea of justification to an action for slander in charging plaintiff with a felony. In such a case the plea must be sustained by the same degree of evidence that would be required to convict of the felony charged.    Ib.; 2 Yer., 225.

So in 1 Leading Criminal Cases, note 130, it is said: "It being a universally admitted principle, that in all causes between party and party, the proof of any fact by the preponderance of testimony is all that is re-quisite, is not the only exception to this rule, the case where the government is one party and an indi-

vidual the other." So we think the rule is well es-
tablished, that in civil cases the jury should decide in
favor of that party in whose favor the evidence pre-
ponderates, and when it does preponderate in the
opinion of the jury, this is sufficient to satisfy them
of the "reasonable probability" of the truth of the
case being with that party in whose favor it prepons
derates.

We think the case of *Ridley* v. *Ridley* was cor-
rectly decided, and that the evidence preponderated in
favor of the decree rendered, and that it was because
of this preponderance of the evidence that the conclu-
sion announced was reached, and we think the rational
conclusion in all cases, where there is more evidence
in favor of a proposition than there is against it, is that
there is a "reasonable probability of its truth," and
this is sufficient to carry a verdict.

If the evidence is in equilibrium then the party
having the affirmative of the issue must fail, because
it is incumbent on him to make out his case by a
preponderance of evidence.

Let the judgment be affirmed.

McFarland, J., delivered the following dissenting
opinion.

I do not agree that it proper for a Circuit Judge
to instruct a jury "that a slight preponderance of evi-
dence in favor of the party upon whom the *onus* rests,
is, without more, all that is necessary to entitle such par-
ty to a verdict." Such a proposition, if not absolutely
erroneous, is well calculated, I think, to mislead a

jury. I do not understand the rule as laid down by Mr. Greenleaf to mean this. He says: "In civil cases, where the mischief of an erroneous conclusion is not deemed remediless, it is not necessary that the minds of the jurors be freed from all doubt; it is their duty to decide in favor of the party on whose side the weight of evidence preponderates, *and according to the reasonable probability of truth.*" This it is true, as do all the authorities, holds, that the party need not make out his case beyond a reasonable doubt, and this is the distinction, and the only distinction between civil and criminal cases. It is true this author does not, nor do any of the authorities I have found, define the extent or degree of preponderance necessary, except that the jury must act upon the preponderance of the evidence, and *according to the reasonable probability of truth,* that is, as I should understand it, the preponderance should be such as to generate in the minds of the jury a belief of the probable truth of their verdict. A jury might in case of conflict think there was a slight preponderance in favor of the plaintiff, and yet the preponderance might be so slight as not to generate any belief of the probable truth of the plaintiff's case. The evidence might not be in absolute equipoise, and yet so nearly so that a jury could not with any degree of satisfaction affirm that the fact was the one way or the other. In such case I think the verdict ought to be against the plaintiff, simply because the *onus* is upon him, and it is better for the court not to act at all than to act upon such doubtful and un-

certain grounds. To require a jury to find for a plaintiff simply because there appears a slight preponderance of evidence in his favor, might be to require them to say upon their oaths that the plaintiff's case was made out, when in fact they did not believe it. The argument on the other side is that in civil cases only a preponderance is required, and as no particular degree of preponderance is specified, therefore any preponderance will do, therefore a *slight* preponderance, and this might be still further modified by saying a *very* slight preponderance—a feather's weight. If the jury were instructed simply that a preponderance was required, this might do, as they would understand this to mean something decided, but when this is qualified by adding the words "slight" or "very slight," it is going beyond any rule I have found laid down, and I think calculated to mislead them.

It is true that in many cases it said that a mere preponderance or a bare preponderance is sufficient. These expressions mean that civil cases are to be made out by a *mere* preponderance or a *bare* preponderance in contradistinction to criminal cases, which are to be made out beyond a reasonable doubt; but it is not intimated that a preponderance will do which does not fairly convince the jury of the probable truth of their verdict. It is said, however, to require a jury to be satisfied of the probable truth of their verdict, is to apply the same rule as in criminal cases, that to be satisfied, and to be satisfied beyond a reasonable doubt, means the same thing, but we know that to

the apprehension of the common mind there is a wide difference; so much so, that it has never been held sufficient in a criminal case to say to the jury that they must be satisfied of the defendant's guilt, but they must be satisfied beyond a reasonable doubt, and the doubt must be explained. Clearly recognizing the distinction between a case made out barely short of excluding all reasonable doubt, and a case where there is only a slight preponderance, there is a wide gap, an indefinite number of gradations; so that to say that a case need not be made be made out beyond a reasonable doubt is not by any means to say that a slight preponderance is sufficient.

I think that to say to a jury, that in a case of conflict a slight preponderance is sufficient, is equivalent at law to saying that a plaintiff may recover upon slight evidence of his claim. In a case of conflict the slight preponderance is no more than slight evidence of the plaintiff's claim in a case where there is no conflict. The evidence upon the one side neutralizes the other, except to the preponderance, and upon this only the case must rest.

Courts are often called upon to take the money or property of one man and give it to another, sometimes to a large amount, and to the utter pecuniary ruin of the parties. Ought this to be done upon slight evidence or upon uncertain grounds? Ought solemn judicial proceedings be predicated upon a less degree of certainty than men usually act upon in other affairs of equal importance? I think not.

Courts of equity, as I have always understood,

never do so; and so the case of *Ridley* v. *Ridley*, 1 Col., 323, I understand it, holds. I do not see that a different measure of justice should be applied in one court from the other. I have always understood it to be a sound legal maxim, that a party cannot recover upon a doubtful right. It is possible that if we could imagine a case or an isolated question in which the *onus* is not upon either party, and there was no presumption either way, a slight preponderance might be sufficient, but I cannot imagine such a case. The authorities all agree that when a debt is made out by competent proof, and defendant avers payment, the *onus* is changed to the defendant and he must establish the defense by the same degree of proof that the plaintiff was required to make in the first instance. The reasoning in the cases of *Thayer* v. *Boyle*, 30 Maine, 483, and *Knowles* v. *Scribner*, 57 Maine, 496, sustain this view, where it is said that a mere preponderance is in many instances not sufficient even in civil cases, as one attempting to charge another with a debt, must do so by full and competent proof, and where a debt has been proven by competent evidence the debtor, in order to be discharged, must offer full proof of satisfaction.

For these reasons I dissent from the opinion of the majority.

I concur.    FREEMAN, J.