DR. WILLIAM JACKSON et ux.

*v.*

J. W. BYRN et ux and the TOWN OF DICKSON.

393 S.W.2d 137.

(*Nashville,* December Term, 1964.)

Opinion filed July 6, 1965.

Petition for Rehearing Denied August 16, 1965.

538

William W. Hall, Jr., Dickson, for appellants.

Robert S. Clement, Dickson, for appellees.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This suit was filed by the owners of one proposed subdivision against the owners of another subdivision, which had been platted and filed in the Register's office of Dickson County. The suit sought a declaratory judgment on the theory that the appellees, Byrn and wife, by filing a plat for their subdivision had dedicated the streets as laid out to the public so that the Jacksons could compel the Byrn subdivision owners to allow them the use of these streets for the purpose of laying water mains, etc. The bill sought to have the rights of the Jackson subdivision determined in their favor and to force the Town of Dickson to allow them to tie on to certain water mains and thus purchase water from the Town of Dickson.

Both the Byrns and the Town of Dickson demurred on various grounds, and both demurrers were sustained *in toto* by the Chancellor. The parties, after the sustaining of these demurrers, appealed to this Court. Briefs have been filed, arguments heard, and, after fully studying the record, we have the matter for disposition.

■ The bill shows on its face that the property in question is in the Fifth Civil District of Dickson County, Tennessee. There is no allegation in the bill that any of the property lies within the corporate limits of the Town of Dickson. Thus, it must necessarily follow, in the absence of allegations to the contrary, that the Town of Dickson does not owe the Jacksons any service by virtue of its operation as a municipality. The Town of Dickson has refused to allow the Jackson subdivision to tie on to its water mains until the dispute between the Jacksons and the Byrns is settled, and further the Town of Dickson has said it would be willing for the Jacksons

to tap on the water mains upon the settlement of this dispute. Obviously, since this lawsuit is filed such a dispute has not been settled. Thus it is that there is no obligation on the municipal authorities to allow those outside the municipality to tap onto its water main.

It is further alleged in the bill that the streets of the Byrns are blacktopped and finished within approximately 80 feet south of the Jackson property, or the common boundary line between the Byrns and the Jacksons, and then it is said from this point, that is approximately 80 feet south of the Jackson property, ''said streets or roads were absolutely unimproved, by the defendants, J. W. Byrn and wife, Martha Byrn, that is to say that they consist only of, dirt, grass, bushes, rocks and trees; and were not graded.'' The bill likewise alleges that the Byrns have refused to allow the Jacksons to grade or go over these unimproved portions of the streets, and told the Jacksons if they do so they are trespassers.

Of course, the demurrers to the bill admit all the stated facts and reasonable inferences to be drawn therefrom, but do not admit the conclusions of the pleader from these facts. Thus it is as we read the bill there is a distance of approximately 80 feet between the proposed subdivision of the Jacksons and the improved portions of the streets passing through the Byrn subdivision. This being true, the question must necessarily follow whether or not the filing of the plat in the Register's office by the Byrns constitutes a dedication of all streets in this plat from one boundary line to another of the Byrn subdivision, particularly over and through the streets and roads which have not been improved, and in fact contain trees, bushes, etc. It is not insisted nor alleged in the bill

that there has been a dedication of the roads which has been accepted by the County authorities.

The Jackson, appellants, do not own any property within the subdivision of the Byrns, but are strangers to the project, their only interest being that they own land adjacent to the same. The bill does not allege, nor is it insisted, that the Jacksons do not have other access to the property.

In *State ex rel. Kincaid v. Hamilton*, 109 Tenn. 276, 70 S.W. 619, a case where a tract of land was platted and laid off as a town site, showing streets, alleys, etc., and where a map had been placed of record, this Court held that where lots were sold with reference to this plat, but where the streets and alleys had never been accepted by the county or municipality, that this did not constitute a dedication, and that those in the position of the Jacksons herein were ''not entitled to have all the streets obstructed opened, but only such as abut on his lots and are necessary to convenient ingress and egress to his property.''

In Jones on Easements, Section 247, the author of that work says:

''When land is sold by reference to a plan, upon which several streets and avenues are laid out, the grantee does not necessarily acquire an easement in all such streets or ways. He acquires an easement in the street or way upon which his lot is situationed, and in such other streets or ways as are necessary or convenient to enable him to reach a highway. He acquires no easement in a street or way which his land does not touch, and which does not lead to a highway; and he is not

entitled to an injunction or other remedy by reason of an obstruction to such street or a way.''

In Thompson on Real Property, Section 372 at page 494, the author of that work says:

''As between an owner of land and the public, the mere sale of lots with reference to a map or plat showing streets is not alone sufficient to constitute an irrevocable dedication to the public. Acceptance by the public is necessary.''

At page 492, the same author says:

''As between the parties, the dedication to the use of the purchasers is complete upon the delivery of the deed; but the dedication to the public is complete only upon acceptance by the proper public authorities, although such acceptance may be shown by the public use of the streets. Until such acceptance, the public has no right in such streets. Only the purchasers of the lots bounding upon the streets have rights therein.''

At page 502, same Section, same work, this is said:

''Under the majority rule a municipality cannot accept a dedication to property outside the city limits for street purposes.''

 Thus it is under this authority and general reasoning, in the absence of any showing or allegations that the public had accepted these streets up to the property line of the Jacksons, and that the county had accepted this as a dedication permitting all those outside this Byrn subdivision to use these streets from one end to the other clearly the Jacksons have no right to cross this property or use it for any means of their own, and if they do so, they are trespassing on the rights and property of others

and have no right to do so. In other words, dedication is a question of intention and the intent must be clearly and satisfactorily proven. There is no such intent or dedication shown here. See *McKinney v. Duncan,* 121 Tenn. 265, 118 S.W. 683.

■ Finally in *State ex rel. Kincaid v. Hamilton,* supra, this Court stated:

"Two things are necessary to constitute a dedication in common law of private property to public use: First, there must be a plain and unequivocable intention on the part of the owner to appropriate the property to public use; and, secondly, there must be an acceptance by user or otherwise on the part of the public."

■ Therefore, we conclude since the bill shows on its face that the streets of the subdivision of the Byrns were unimproved, with trees, grass, dirt, bushes, etc., on the last few feet thereof, there is no dedication of this street, and, since the Jacksons do not own lots within this subdivision, there is no obligation upon the Byrns to allow them to open and pass through these streets. Since this property is outside the Town of Dickson that municipality owes no duty to these appellants.

After a full consideration of the matter herein, we are satisfied and convinced that the Chancellor was correct in sustaining the demurrers without going into the various grounds thereof, as they unquestionably satisfactorily raise the question upon which we determine this lawsuit. The suit is dismissed at the cost of the appellants.

### On Petition to Rehear

Counsel for the original complainants, appellants herein has filed a very dignified and respectful petition to

rehear, wherein it is argued that our opinion is based on an error of fact in that we say that eighty feet of the street in question had not been appropriated for public use, while, as a matter of fact, it was only thirty feet.

In the first place whether it was eighty feet or thirty feet makes no difference one way or the other under the principles which we have applied in determining this lawsuit. The streets had not been accepted by the county and there was not the plain unequivocal intention on the part of the owner, Byrn, to appropriate thirty feet or eighty feet, regardless of what it was, to public use. We got the figure of eighty feet from the transcript of the record and not from the briefs. It is true the briefs stated thirty feet but we took the words of the transcript of eighty feet, but, as said above, this makes no difference one way or the other.

It is said, too, that our opinion is in conflict with the former opinion of this Court of *Doyle v. City of Chattanooga,* 128 Tenn. 433, 161 S.W. 997. We do not see how this can be true. It was not our intention, nor is it now, in any wise to question *Doyle v. City of Chattanooga,* supra. In the Doyle case a public nuisance was involved and the streets there in question were all within the corporate limits of the City of Chattanooga. The language quoted in the petition to rehear from that case in no way is applicable to the factual situation of the case now before us, as can be seen by re-reading the original opinion herein.

After giving full consideration to the petition to rehear, it must be denied.