WEST MEADE HOMEOWNERS ASSO-
CIATION, INC., Floyd and Bettye Mel-
man, and Arliss B. and Edna Joann
Armstrong, Plaintiffs–Appellants,

v.

WPMC, INC., and Metropolitan Govern-
ment of Nashville and Davidson
County, Defendants–Appellees.

Court of Appeals of Tennessee,
Middle Section at Nashville.

Dec. 29, 1989.

Permission to Appeal Denied by
Supreme Court April 2, 1990.

Larry D. Woods, Jason B. Rogers, Nash-
ville, for plaintiffs-appellants.

R. Dale Grimes, Bass, Berry & Sims,
Nashville, for defendant-appellee WPMC,
Inc.

James L. Murphy, III, Dept. of Law of
the Metropolitan Government of Nashville
and Davidson County, Nashville, for defen-
dant-appellee Metropolitan Government.

CANTRELL, Judge.

OPINION

The plaintiffs filed this action in the
court below seeking a declaratory judg-
ment that an unused portion of Cornwall
Drive had never been accepted as a public
right-of-way or had been abandoned. The
plaintiffs also sought an injunction to re-
strain defendant WPMC, Inc. from develop-
ing this disputed portion of Cornwall Drive.
The Metropolitan Government of Nashville
and Davidson County intervened as a de-
fendant to contest the plaintiffs' claim that

the right-of-way in question had not been accepted or had been abandoned. The trial court dismissed the complaint on the defendants' motion for summary judgment.

### Facts

The defendant, WPMC is the owner of approximately twenty-five acres of undeveloped land in the West Meade area of Davidson County, Tennessee and intends to develop its property as a residential subdivision. The plaintiff, West Meade Homeowners Association, is a non-profit corporation, some of whose members own property on Cornwall Drive which would serve as access to the defendant's subdivision. The plat of the resubdivision of section two of West Meade Estates shows Cornwall Drive extending between Lots 194 and 195–A in a southeasterly direction to WPMC's property. Lots 194 and 195–A are owned by plaintiffs, Floyd and Bettye Melman, and Arliss B. and Edna Joann Armstrong. Cornwall Drive has been built up to Lots 194 and 195–A where the pavement ends in a cul-de-sac; the portion of the roadway extending off the cul-de-sac to the defendant's property has never been constructed.

### A.

The plaintiffs claim that the right-of-way was never accepted for public use or in the alternative has been abandoned.

■ To establish a dedicated public right-of-way, there must be a showing of an offer of dedication and a public acceptance of the offer. Both the offer of dedication and the public acceptance may be express or implied. *State ex rel. Matthews v. Metropolitan Government of Nashville and Davidson County*, 679 S.W.2d 946, 948 (Tenn.1984); *Smith v. Black*, 547 S.W.2d 947, 951 (Tenn.App.1976).

■ Is is not disputed that the right-of-way was offered for dedication. The recorded plat of the resubdivision of section two of West Meade Estates shows Cornwall Drive extending from the present cul-de-sac, between Lots 194 and 195–A of the platted subdivision, to the property owned by WPMC. In addition, the owner's certificate on the recorded plat expressly offers to dedicate for public use all public ways shown on the plat.

This Court stated in *Smith v. Black*, 547 S.W.2d 947, 951 (Tenn.App.1976), that:

Where an owner of land plats it on a map, designating certain portions thereof for public use and thereafter records the map, he will be deemed to have thereby made an offer to dedicate the indicated portions to the public for the public purpose....

Where an owner makes a sale of land with reference to a map or plat, in the absence of a manifestation of a contrary intention, he thereby manifests an intention to dedicate the streets and alleys shown thereon to the public use.

"Public acceptance of an offer of dedication may consist of either a formal act on the part of public authorities or common use by the general public." *State ex rel. Matthews v. Metropolitan Government of Nashville and Davidson County*, 679 S.W.2d 946, 949 (Tenn.1984). The evidence of public acceptance in the present record is similar to that relied upon to find public acceptance in *Matthews*. The disputed portion of Cornwall Drive is included on the "Official Street and Alley Acceptance and Maintenance Map." In addition, no taxes have been paid on the right-of-way and the Nashville Electric Service has erected and maintained utility poles within the right-of-way. In *Matthews* this evidence was sufficient for the court to find public acceptance of an offer of dedication and we believe that it is sufficient to make the same finding in this case.

Metropolitan Code § 38–1–1 states that the "Official Street and Alley Acceptance and Maintenance Map" is

hereby created and established [as] an official street and alley acceptance and maintenance map for the metropolitan government, which map is composed of a series of atlas sheets base maps showing thereon, by words, lines or symbols, the dedicated streets and alleys which are accepted for maintenance or abandoned

for public maintenance by the metropolitan government.

This map is the official record of streets and alleys that have been accepted by the Metropolitan Government. Joe Dentici, the engineering technician in charge of engineering records, filed an affidavit stating that a right-of-way is drawn on the map when it is accepted by the Metropolitan Government and that an accepted right-of-way is taken off the map when it is abandoned. His affidavit also states that "the portion of Cornwall Drive that appears to be a series of broken lines on the map indicates only that the portion has not yet been built." The fact that the map indicates that this dedicated right-of-way has "no maintenance or improvement" is merely descriptive of the fact that there is not an improved roadway on the right-of-way, and thus there is nothing to maintain.

The appellants assert that since the ordinance creating the street and alley map refers to streets and alleys that are "accepted for maintenance or abandoned for public maintenance" the dashed lines on the map showing this portion of Cornwall Drive must indicate that it has been abandoned.

We are of the opinion, however, that the affidavit of Mr. Dentici refutes this argument. In addition, since the original map showed the street in the same status in 1965, we conclude that the status of the street as an accepted right-of-way has not changed.

Also, the use of the right-of-way by the Nashville Electric Service to maintain its utility poles shows that there has been no abandonment. *Varallo v. Metropolitan Government of Nashville and Davidson County*, 508 S.W.2d 342, 346 (Tenn.App. 1973). And even if there had been no public use of the right-of-way, "where a dedication is made, it cannot be lost or forfeited by mere nonuser by the public...." *Id.* at 347. Thus, plaintiff Arliss Armstrong's claim that he has acquired the right-of-way by adverse possession is without merit. *Id.: City of Memphis v. Hood*, 208 Tenn. 319, 345 S.W.2d 887, 893 (1961).

We agree with the trial court's finding that this right-of-way has been dedicated and has not been abandoned.

### B.

 The plaintiffs claim that the trial court's holding that the request for injunctive relief was premature because no formal application has been made to and no action has been taken by the Metropolitan Planning Commission concerning the development of the defendant's property was in error.

The plaintiffs believe that a subdivision on WPMC's property would cause damage to the surrounding property owned by plaintiffs' members from water drainage problems and possible mudslides due to alleged unstable geological conditions on WPMC's property. On this basis, they sought to enjoin development on WPMC's property.

Since no formal application for subdivision approval has been submitted to the Metropolitan Planning Commission, the chancellor correctly held that the plaintiffs' claims must be presented to the planning commission if and when WPMC presents an application for subdivision approval to that agency. By statute, the local municipal planning commission has sole and exclusive power to approve or disapprove subdivision plats for real estate developments. Tenn.Code Ann. § 13–4–301, *et seq.* (1989). In Davidson County, the municipal planning commission is the Metropolitan Planning Commission. *Charter, Metropolitan Government of Nashville and Davidson County* § 11.504.

Before a subdivision can be developed on WPMC's property, the Metropolitan Planning Commission must approve a subdivision plat. There has been no approval nor formal application for approval by the planning commission of a subdivision plat for this property. Since the local agency which is vested with exclusive authority over subdivision approvals has neither acted nor been requested to act, the plaintiffs' claim that the property is unsuitable for development is premature and presented to the wrong forum.

**368**

## C.

■ The plaintiffs also argue that their right to due process has been denied because representatives of the defendant have had some preliminary negotiations with the planning commission without notice to the plaintiffs. We are not aware of any requirement that the planning commission give notice to landowners who may be affected by a development before an actual plan for development has been submitted. We do not think the record shows that the plaintiffs' right to due process has been violated.

Since there were no genuine issues as to material fact, the trial court properly granted defendants' motion for summary judgment. Tenn.R.Civ.P. 56.03.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellants.

TODD, P.J., and JOE C. LOSER, Jr., Special Judge, concur.