**Charles WINN, Sherry Winn, and Jerry Winn, Plaintiffs–Appellants,**

**v.**

**TUCKER CORPORATION and Richard B. Tucker, Individually; Richardson & Richardson, Inc.; Jackie Goad Construction, Inc.; Joe L. Richardson and wife, Ruby B. Richardson; Jim P. Richardson and wife, Evelyn J. Richardson, Defendants–Appellees,**

**City of Clarksville, Tennessee, Defendant–Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Sept. 30, 1992.

Rehearing Denied Oct. 23, 1992.

Application for Permission to Appeal Denied by Supreme Court Jan. 25, 1993.

Long, Nashville, for defendant-appellee, Jackie Goad Const., Inc.

Gayle Malone, Jr. and Jeffrey Zager, Trabue, Sturdivant & DeWitt, Nashville, for defendant-appellee Richardson & Richardson, Inc.

Edd S. Hurt, Jr., Hurt & Patrick, Clarksville, for defendants-appellees Joe L. Richardson and wife and Jim P. Richardson and wife.

. OPINION

LEWIS, Judge.

Plaintiffs, Charles Winn, Sherry Winn, and Jerry Winn, have appealed from the trial court's grant of summary judgment in favor of Richardson & Richardson, Inc. and Jackie Goad Construction, Inc., and its dismissal of their cause of action against Tucker Corporation, Richard B. Tucker, Joe L. Richardson, Ruby B. Richardson, Jim P. Richardson, and Evelyn J. Richardson.

Defendant, the City of Clarksville (City), has appealed from the trial court's denial of its motion to file a cross-claim against the defendants, Tucker Corporation, Richard B. Tucker, Richardson & Richardson, Inc., Jackie Goad Construction, Inc., Joe L. Richardson, Ruby B. Richardson, Jim P. Richardson, and Evelyn J. Richardson.

The trial court found a taking without just compensation by the City and determined that the plaintiffs are entitled to pursue their claim against the City under an inverse condemnation theory. The court also found that plaintiffs have no legal claim for nuisance or damages against the other corporate and individual defendants.

The facts out of which this controversy arose are as follows:

Sometime in 1987, the defendant Richard Tucker, President of the defendant Tucker Corporation, requested approval from the City of Clarksville Planning Commission for a subdivision plan. The Planning Commission withheld approval pending submission of drainage plans for surface water. A plan was devised and presented to Denzil Biter, Engineer for the City, whereby drainage water would be removed from the

Mark A. Rassas, Rassas & Rassas, Clarksville, for plaintiffs-appellants.

Louise R. Fontecchio and John W. Beasley, Smith, Farrar, Beasley & Creamer, Nashville, for defendant-appellant, City of Clarksville.

W. Ritchie Pigue and William N. Elliott, Jr., Taylor, Philbin, Pigue, Marchetti &

subdivision Mr. Tucker was building via a ditch to be built on adjacent property. Mr. Biter advised Mr. Tucker that the permission of the landowners, the Richardsons and the Winns, would be necessary prior to construction of such a ditch. It is the contention of the City that Mr. Tucker subsequently informed Mr. Biter that permission had been obtained from both the Richardsons and the Winns to divert surface water onto their property.

A written easement was obtained from the Richardsons on 26 October 1987. The drainage plan was ultimately approved by Mr. Biter on behalf of the City and the ditch was constructed by Mr. Tucker, The Tucker Corporation, Richardson & Richardson, Inc., and Jackie Goad Construction, Inc. Construction of the ditch allegedly required cutting through a berm to alter the flow of drainage.

On 24 December 1988, a large sink hole appeared in the ditch and grew enough to jeopardize the safety of homes in the vicinity. The City requested a meeting with the defendant developers and informed them that it was their responsibility to repair the ditch to protect the adjacent homes. The individual and corporate defendants allegedly refused to assume responsibility for correcting the problem. Their position was that the City was responsible for the ditch since the easement had been granted to the City. The City and defendant companies did in fact attempt to correct the problem. Remedial measures consisted of installing a large pipe in the end of the ditch which had collapsed. Plaintiffs allege that at least part of this pipe extends onto their property. Defendants deny this allegation.

Although the City obtained a written easement for the portion of the drainage system crossing over the Richardsons' property, nothing in writing was obtained from the Winns. It is the contention of the plaintiffs that they were not informed of the diversion of the natural flow of water onto their property and did not give permission for use of their property. The plaintiffs allege that they did not learn of the drainage onto their property until February or March of 1989.

On 7 February 1990, the plaintiffs filed this lawsuit for damages and injunctive relief against all the defendants. On 12 March, 1990, plaintiffs amended their complaint to add a cause of action for inverse condemnation, pursuant to Tennessee Code Annotated, Section 29-16-123, *et seq.,* against the City. By agreed order, on 4 April 1990, the claim against the City for damages as a result of nuisance was dismissed. Mr. Tucker, Denzil Biter and Jackie Goad were deposed in August, September, and October of 1990 and April 1991.

On 4 January 1991, the defendant Richardson & Richardson, Inc. filed a motion for summary judgment which was later joined by the remaining defendants. On 10 June 1991, the court denied the motion.

On 3 September 1991, the City filed a motion requesting permission to file a cross-claim. The motion alleged that the City had withdrawn and revoked its previously given approval of the drainage plan. The City alleged fraud and sought indemnification from the other defendants for any loss the City might suffer because of the alleged damage to the Winns' property. On 27 September 1991, during a hearing on the motion of the City, defendant Richardson & Richardson, Inc., orally moved the court to reconsider its previous denial of summary judgment. This motion was granted and the court released a memorandum opinion on 7 October 1991, and entered a final order dated 24 October 1991, declaring that the City had taken the plaintiffs' property as a matter of law and dismissed the plaintiffs claims against the remaining defendants. On 11 October 1991, the defendant City moved the court for a ruling to determine the date of said taking. This motion was denied by order dated 29 October 1991.

Plaintiffs-appellants issues are as follows:

1. The Court erred in dismissing claims against all defendants but the City of Clarksville when it found a taking as a matter of law.

2. Trial Court erred in declaring that the plaintiffs' land had been taken by the City of Clarksville, and dismissing

the plaintiffs' claim against all defendants, other than the City of Clarksville, without first determining the date of taking.

Defendants-appellants issues are as follows:

1. The Trial Judge erred in denying appellant, City of Clarksville's motion to file a cross-claim.
2. The Trial Court erred in finding that there are no contested issues of material fact and granting the motion for summary judgment.
3. The Trial Judge erred in finding that there was a taking of plaintiff's property as a matter of law.
4. The Trial Judge erred in finding that the City of Clarksville's cause of action against the other defendants is not properly an issue in this lawsuit.

We will discuss all of these issues together.

Rule 56.03, Tennessee Rules of Civil Procedure, provides that summary judgment will be granted if the written submissions of the parties "show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."

Summary judgments are an efficient means to conclude cases that can be disposed of on legal issues alone. *Bellamy v. Federal Express Corp.*, 749 S.W.2d 31, 33 (Tenn.1988). While they are not substitutes for trials, *Jones v. Home Indemnity Ins. Co.*, 651 S.W.2d 213, 214 (Tenn.1983), they go to the merits of the complaint and should not be taken lightly. *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn.1978).

■ No presumption of correctness attaches to decisions granting summary judgment because they involve only questions of law. Thus, on appeal we must make a fresh determination concerning whether or not the requirements of Tennessee Rule of Civil Procedure 56 have been met. *Hill v. City of Chattanooga*, 533 S.W.2d 311, 312 (Tenn.App.1975). In doing so we must consider the pleadings and the evidentiary materials in the light most favorable to the

movant's opponent and we must draw all reasonable inferences in the opponent's favor. *Blocker v. Regional Medical Center*, 722 S.W.2d 660 (Tenn.1987); *Poore v. Magnavox Co.*, 666 S.W.2d 48, 49 (Tenn.1984).

■ We are of the opinion, after a review of the record under the rules set forth, that genuine issues of material fact do exist in this case which render the granting of summary judgment inappropriate. The parties differ as to whether the pipe, installed to alleviate the danger to nearby houses created by the formation of sink holes, actually extends on to the Winns' property or only diverts water on to it. The parties also dispute whether permission to so divert the water was obtained from the Winns and what the City, via its employee Denzil Biter, was told. There is also disagreement as to whether damage has been done to plaintiffs' property and, if so, whether it occurred before or after installation of the pipe. These are only the most obvious of the multiple factual disputes which may ultimately affect the liability, or lack thereof, of the parties.

The trial court's finding that a taking of plaintiffs' property has occurred is premature at best, and incorrect at worst. Proof must be taken as to when the City took possession of and responsibility for the ditch, if it has in fact done so, and at what point the alleged damage to plaintiffs' property occurred.

■ In addition, the participants in the diversion of the natural flow of water onto the plaintiffs' property may not escape all liability merely by concluding that since the City approved their plan for the ditch and later participated in remedial measures to correct problems, after the other defendants refused to assume responsibility for addressing the danger presented by the sinkholes, that the City alone has an obligation to prevent further damage to plaintiffs' property and face the potential liability for the actions of all defendants.

■ The trial court, by its memorandum opinion filed 7 October 1991, denied the attempt by the City to cross-claim against co-defendants, Tucker Corporation,

Richard Tucker, Jackie Goad Construction, Inc., Joe L. Richardson, Ruby B. Richardson, Jim P. Richardson and Evelyn J. Richardson. The cross-claim of the City amounts to no more than an attempt to amend its answer. Per Rule 15.01, Tennessee Rules of Civil Procedure, leave of court to amend pleadings is to be freely given. *Campbell County Bd. of Education v. Brownlee–Kesterson*, 677 S.W.2d 457, 463 (Tenn.App.1984). The Rules of Civil Procedure were modified to greatly liberalize the granting of amendments. Discretion of the trial judge was replaced with the instruction that leave shall be freely given to amend the pleadings when justice so requires. *Gamble v. Hospital Corp. of America*, 676 S.W.2d 340, 342 (Tenn.App. 1984). Therefore, denial of the City's cross-claim was improper.

The brief submitted by defendant-appellee Richardson & Richardson, Inc. alleges that the conveyance of the completed ditch to the City was a dedication. A dedication is the

> appropriation of land ... by the owner, for the use of the public, and accepted for such use by or on behalf of the public ... A deliberate appropriation of land by its owner for any general and public uses, reserving to himself no other rights than such are compatible with the full exercise and enjoyment of the public uses to which the property has been devoted.

*Black's Law Dictionary*, p. 412 (6th ed. 1990). While the defendant is correct in its assertion that both the offer and acceptance may be express or implied, for an implied dedication to be found there must have been conduct by the owner from "which a reasonable inference of intent may be drawn, or which is inconsistent with any other theory than that he intended a dedication." *Id.* at 413. The defendant has made no allegation that plaintiffs knew of, let alone approved, the plan to divert water onto their property. In fact, by its own brief, defendant Richardson & Richardson, Inc. admits that the plan originated with defendant Jim Paul Richardson and was proposed by him to Mr. Tucker.

The plan was then proposed by Mr. Tucker to Mr. Biter. The same brief also repeatedly alleges that plaintiffs' property was "taken" by the City, an inconsistent position. We find the attempt to have this declared a dedication to be untenable.

The trial court's grant of summary judgment in favor of the non-City defendants and its denial of the cross-claim by the City are reversed and the case remanded to the trial court for further necessary proceedings and the collection of costs, which are assessed to the defendants.

Because of our holding today, we pretermit all other issues.

TODD, P.J., and CANTRELL, J., concur.

## ORDER

In response to the opinion of this court filed September 30, 1992 reversing the trial court's grant of summary judgment, the defendant/appellee Richardson & Richardson, Inc. has filed a Petition for Rehearing. While Richardson & Richardson, Inc. may very well not be liable for its actions in this controversy, this court is unable to agree that the pleadings establish the point to the extent that no genuine issue of material fact exists. It is necessary to accept proof of the parties before a judgment in favor of Richardson & Richardson, Inc. will be appropriate in this case.

The Petition for Rehearing is denied with costs assessed to defendant/appellee.

/s/ Henry F. Todd
    Henry F. Todd, Presiding Judge

/s/ Samuel L. Lewis
    Samuel L. Lewis, Judge

/s/ Ben H. Cantrell
    Ben H. Cantrell, Judge