# IN THE COURT OF APPEALS OF TENNESSEE

# FILED

**November 30, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## AT NASHVILLE

| | | |
|---|---|---|
| WILLIAM DENNIS and wife, | ) | |
| RUTH DENNIS, | ) | |
| | ) | |
| Plaintiffs/Appellees, | ) | Van Buren Chancery |
| | ) | No. 1078 |
| VS. | ) | |
| | ) | Appeal No. |
| DAVID MICELI and wife, | ) | M1997-00056-COA-R3-CV |
| LAURA MICELI, | ) | |
| | ) | |
| Defendants/Appellants. | ) | |

APPEAL FROM THE CHANCERY COURT FOR VAN BUREN COUNTY
AT SPENCER, TENNESSEE

THE HONORABLE CHARLES D. HASTON, SR., CHANCELLOR

For the Plaintiffs/Appellees:

Cindy A. Howell
Sparta, Tennessee

For the Defendants/Appellants:

Andrew M. Cate
David J. Waynick
WAYNICK & CATE
Nashville, Tennessee

# AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal involves a dispute between neighbors over public access to a country road. After one couple threatened to block access to the portion of the road on their property, a neighboring couple who used the road to gain access to their home filed suit in the Chancery Court for Van Buren County seeking a declaration that the road is a public road. The trial court, sitting without a jury, determined that the road had been dedicated to public use and enjoined blocking the road. On this appeal, the couple who were enjoined from blocking the road assert that the evidence does not support the trial court's conclusion that the road is a public road. We affirm the judgment because the evidence does not preponderate against the trial court's conclusion that the road had been dedicated to public use.

## I.

William and Ruth Dennis purchased a tract of real property in Van Buren County in order to build a home. At the time of the sale, Hugh Hale, the owner of the property, told Mr. and Ms. Dennis that a gravel country road that ran between Shockley Road and Haston Road was a public road that could be used to gain access to the property. This gravel road provided the most convenient access to the portion of the property where they planned to build their home because the property was bisected by Piney Creek.[1]

Mr. and Ms. Dennis began building their home on a portion of the property approximately two miles from Shockley Road. As part of the construction, the local telephone company laid underground telephone lines along the road from Shockley Road to the construction site. As the construction continued, Mr. and Ms. Dennis's neighbors, David and Laura Miceli, informed Mr. and Ms. Dennis that they intended to block access to the portion of the road that ran across their property. Faced with losing the most convenient access to their home, Mr. and Ms. Dennis filed suit in the Chancery Court for Van Buren County seeking either a declaration that the disputed road was a public road or, in the alternative, an easement for the purposes of ingress and egress. The trial court, following a bench trial, found that the disputed road was a public road, and Mr. and Ms. Miceli have appealed from that decision.

## II.

Mr. and Ms. Miceli raise two issues on this appeal. First, they assert that the evidence does not support the trial court's conclusion that the disputed road is a public road. Second they insist that the telephone company should not have buried telephone lines along the portion of the road running through their property without first obtaining their permission or condemning the property. We find that the evidence does not preponderate against the trial court's conclusion that the road is a public road. Therefore, in accordance with the parties' stipulation, it is unnecessary for us to address the issues regarding the telephone lines.

## A.
## The Standard of Review

We turn first to the proper standards of review for the issues presented in this appeal. Because this is an appeal from a decision made by the trial court following a bench trial, the now familiar standard in Tenn. R. App. P. 13(d) governs our review. This rule contains different standards for reviewing a trial court's decisions regarding factual questions and legal questions.

With regard to a trial court's findings of fact, we will review the record de novo and will presume that the findings of fact are correct "unless the preponderance of the evidence is otherwise." We will also give great weight to a trial court's factual findings that rest on determinations of credibility. *See Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997). However, if the trial judge has not made a specific finding of fact on a particular matter, we review the record to determine where the preponderance of the evidence lies without employing a presumption of correctness. *See Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn. 1997).

Reviewing findings of fact under Tenn. R. App. P. 13(d) requires an appellate court to weigh the evidence to determine in which party's favor the weight of the aggregated evidence falls. *See Coles v. Wrecker*, 2 Tenn. Cas. (Shannon) 341, 342 (1877); *Hohenberg Bros. Co. v. Missouri Pac. R.R.*, 586 S.W.2d 117, 119 (Tenn. Ct. App. 1979). There is a "reasonable probability" that a proposition is true when there is more evidence in its favor than there is against it. *See Chapman v. McAdams*, 69 Tenn. 500, 506 (1878); 2 *McCormick on Evidence* § 339, at 439 (John W. Strong ed., 4th Practitioner's ed.1992) (stating that "the

existence of a contested fact is more probable than its nonexistence"). Thus, the prevailing party is the one in whose favor the evidentiary scale tips, no matter how slightly. *See Bryan v. Aetna Life Ins. Co.*, 174 Tenn. 602, 611, 130 S.W.2d 85, 88 (1939); *McBee v. Bowman*, 89 Tenn. 132, 140, 14 S.W. 481, 483 (1890); *Chapman v. McAdams*, 69 Tenn. at 503, 505.

Tenn. R. App. P. 13(d)'s presumption of correctness requires appellate courts to defer to a trial court's findings of fact. *See Taylor v. Trans Aero Corp.*, 924 S.W.2d 109, 112 (Tenn. Ct. App. 1995); *Weaver v. Nelms*, 750 S.W.2d 158, 160 (Tenn. Ct. App. 1987). Because of the presumption, an appellate court is bound to leave a trial court's findings of fact undisturbed unless it determines that the aggregate weight of the evidence demonstrates that a finding of fact other than the one found by the trial court is more probably true. *See Estate of Haynes v. Braden*, 835 S.W.2d 19, 20 (Tenn. Ct. App. 1992) (holding that an appellate court is bound to respect a trial court's findings if it cannot determine that the evidence preponderates otherwise). Thus, for the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect.

The presumption of correctness in Tenn. R. App. P. 13(d) applies only to findings of fact, not to conclusions of law. Accordingly, appellate courts review a trial court's resolution of legal issues without a presumption of correctness and reach their own independent conclusions regarding these issues. *See Nutt v. Champion Int'l Corp.*, 980 S.W.2d 365, 367 (Tenn. 1998); *Presley v. Bennett*, 860 S.W.2d 857, 859-60 (Tenn. 1993); *Hicks v. Cox*, 978 S.W.2d 544, 547 (Tenn. Ct. App. 1998).

Appellate courts review a trial court's finding of fact as a legal matter in one circumstance. When a finding of fact is based on undisputed evidence that can reasonably support only one conclusion, we will review that finding on appeal without Tenn. R. App. P. 13(d)'s presumption of correctness. *See Hamblen County Educ. Ass'n v. Hamblen County Bd. of Educ.*, 892 S.W.2d 428, 431 (Tenn. Ct. App. 1994); *Tennessee Farmers Mut. Ins. Co. v. American Mut. Liab. Ins. Co.*, 840 S.W.2d 933, 936 (Tenn. Ct. App. 1992).

**B.**

## Dedication of a Road for Public Use

Dedication arises from an owner's offer of land for public use, *see Stoker v. Brown*, 583 S.W.2d 765, 766 (Tenn. 1979); *Winn v. Tucker Corp.*, 848 S.W.2d 64, 68 (Tenn. Ct. App. 1992), and a public acceptance of the offer. *See West Meade Homeowners Ass'n, Inc. v. WPMC, Inc.*, 788 S.W.2d 365, 366 (Tenn. Ct. App. 1989). The offer and acceptance may be express or implied. *See Town of Benton v. Peoples Bank of Polk County*, 904 S.W.2d 598, 602 (Tenn. Ct. App. 1995); *Winn v. Tucker Corp.*, 848 S.W.2d at 68.

A party seeking to establish an implied offer of dedication must present clear and unequivocal evidence of the property owner's intent to part with the land permanently and to vest it in the public. *See Jackson v. Byrn*, 216 Tenn. 537, 543, 393 S.W.2d 137, 140 (1965); *McKinney v. Duncan*, 121 Tenn. 265, 271, 118 S.W. 683, 684 (1908); *City of Athens v. Burkett*, 59 S.W. 404, 408 (Tenn. Ch. App. 1900). Courts do not attempt to divine the owner's intent "kept concealed in the mind, but that which is manifest in the [owner's] visible conduct." *See Johnson City v. Wolfe*, 103 Tenn. 277, 282, 52 S.W. 991, 992 (1899); *Nicely v. Nicely*, 33 Tenn. App. 589, 594, 232 S.W.2d 421, 423-24 (Tenn. Ct. App. 1949). Accordingly, courts may infer intent from circumstantial evidence, including the owner's actions. *See Cole v. Dych*, 535 S.W.2d 315, 319 (Tenn. 1976); *Rogers v. Sain*, 679 S.W.2d 450, 453 (Tenn. Ct. App. 1984).

The courts consider a number of factors when asked to determine whether a property owner intended to dedicate the land. These factors include: (1) whether the owner invited or acquiesced in the public's use of the property as a thoroughfare or roadway, (2) whether the public has maintained or repaired the roadway, and (3) whether the public has used the property for an extended period of time. *See Cole v. Dych*, 535 S.W.2d at 319; *Town of Benton v. Peoples Bank of Polk County*, 904 S.W.2d at 602; *Rogers v. Sain*, 679 S.W.2d at 453. However, unlike an easement by prescription, an implied dedication does not depend on use for any particular period of time. *See Johnson City v. Wolfe*, 103 Tenn. at 283-84, 52 S.W. at 992; *Scott v. State*, 33 Tenn. 629, 633 (1854).

In addition to proof of the owner's intention to dedicate the road to public use, persons seeking a judicial declaration that a road is public must also prove that the road has been accepted for public use. This proof is relatively straightforward. A formal act by public authorities or common use by the general public constitutes sufficient evidence of the acceptance of an owner's offer of dedication. *See State ex rel. Matthews v. Metropolitan*

*Gov't*, 679 S.W.2d 946, 949 (Tenn. 1984); *West Meade Homeowners Ass'n, Inc. v. WPMC, Inc.*, 788 S.W.2d at 366.

Once a road has been dedicated for public use, it remains a public road in the absence of proof that the statutory procedures for closing roads[2] have been followed. *See Collins v. Thomas*, 495 S.W.2d 201, 202 (Tenn. Ct. App. 1973); *McDavid v. McGuire*, 526 S.W.2d 474, 479 (Tenn. Ct. App. 1973); *Blake v. Skelton*, 5 Tenn. App. 539, 553 (1927); *Hill v. Hoffman*, 58 S.W. 929, 932 (Tenn. Ch. App. 1899). Thus, a dedication of land to public use is not destroyed (1) by adverse possession or mere public nonuser, *see City of Knoxville v. Gervin*, 169 Tenn. 532, 539, 89 S.W.2d 348, 351 (1936); *West Meade Homeowners Ass'n, Inc. v. WPMC, Inc.*, 788 S.W.2d at 367; *Varallo v. Metropolitan Gov't of Nashville and Davidson County*, 508 S.W.2d 342, 347 (Tenn. Ct. App. 1973), (2) by a private party's obstruction of the road, *see Hill v. Hoffman*, 58 S.W. at 932, or (3) by the public authority's failure to maintain it. *See Cartwright v. Bell*, 57 Tenn. App. 352, 368-69, 418 S.W.2d 463, 471 (1967).

## C.
### The Evidence of Public Dedication

The record is replete with evidence that the gravel road connecting Shockley Road and Haston Road is a public road. The road crossed the property now owned by Mr. and Ms. Miceli when J. B. Madewell purchased the property in 1958. Although he put a gate across the road to prevent his cattle from roaming, Mr. Madewell believed that he did not have the right to lock the gate or to deny any person access to the road. Accordingly, persons freely used the road for various purposes, including cutting timber and hunting.

Two house trailers were located on the property when Mr. Madewell owned it. At Mr. Madewell's request, the county highway department laid rock and gravel on the road up to and past these trailers to the neighboring property line. The mail carrier and a school bus daily traveled the road to the mobile homes. After the occupants of the trailers moved, the school bus and the mail carrier no longer traveled the road.

From 1974 until 1978 Ernest Christian lived on the property now owned by Mr. and Ms. Miceli. During this time, the county highway department paved and maintained the road up to where he lived on the property. Mr. Christian remembers the road existing for at least

sixty years and has always considered it a public road. He testified that the post office carried mail along the road when horses and buggies were still a common mode of transportation, and that the road connects Shockley Road and Haston Road.

Hugh Hale purchased the Dennis tract in the mid to late 1980's. He sold the property to Thomas Start in May 1992 and then repurchased it from Mr. Start in May 1994 before selling it to Mr. and Ms. Dennis in August of the same year. Mr. Hale testified that the road had been used as a public road as far back as he can remember and that it had always been graveled and passable. Mr. Start testified that he observed persons using the road on a regular basis and that he was unaware that anyone had been denied access to the road.

Even the witnesses called by Mr. and Ms. Miceli testified that the public had used the road. Ms. Miceli's father, John Barbour, testified that he had lived near the roadway since November 1994 and that he had observed persons driving four-wheelers and four-wheel drive vehicles along the road. Mr. Miceli himself testified that people used the road, but he added that he considered them trespassers or hunters.

Mr. Christian's testimony suggests that a prior owner of the property now owned by Mr. and Ms. Miceli long ago dedicated the road to the public. He recalled the public and the post office using the route sixty years ago, and he was unaware of any of Mr. and Ms. Miceli's predecessors in title attempting to prevent the public's use of the road. His testimony is consistent with the undisputed proof that the road connects Shockley Road and Haston Road.

Even if the road had not been a public road before Mr. Madewell's ownership, Mr. Madewell dedicated it to public use. The required offer and acceptance occurred when Mr. Madewell permitted the school bus, the mail carrier, and the public to use the road and when the county accepted Mr. Madewell's invitation to maintain the road. The testimony of Messrs. Christian, Start, and Barbour confirm Mr. Madewell's account of events.

Mr. Miceli's testimony that public use is now infrequent, or even nonexistent, cannot carry the day. Once the road was dedicated for public use, the later lack of public use could not by itself destroy the dedication. Nor does it help Mr. and Ms. Miceli prove that the county no longer maintains the road. The record contains no evidence that the procedures outlined in Tenn. Code Ann. §§ 54-10-201 to -216 for closing roads have been followed.

Accordingly, the road remains a public road, and the trial court correctly ordered Mr. and Ms. Miceli not to block access to it.

## III.

We affirm the judgment and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal to David and Laura Miceli and their surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD,
PRESIDING JUDGE, MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE