IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 8, 2010 Session

## LYLE DOUGLAS VAUGHN, et al., v. DARRELL BREWER, et al.

**Appeal from the Chancery Court for Hawkins County**
**No. 14602      Hon. Thomas R. Frierson, II, Chancellor**

**No. E2009-02288-COA-R3-CV - FILED AUGUST 23, 2010**

This action was brought to determine whether a roadway that serves the plaintiff and certain of the defendants is a public or private road. The Trial Court, after hearing the evidence, declared the road to be a private road. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and. D. MICHAEL SWINEY, J., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellants, Darrell Brewer and Lorraine Brewer.

William S. Nunnally and John T. Milburn Rogers, Greeneville, Tennessee, for the appellees, Lyle Douglas Vaughn, Syble (Vaughn) Trent, Andrew J. Shanks and wife, Jean Shanks, and Phillip Shanks and wife, Barbara Shanks.

## OPINION

Plaintiffs brought this action seeking *inter alia* a declaratory judgment that the private lane known as "Brewer Road" was not a public road. Defendants named are Hawkins County and the Brewers, also owners of property along the disputed roadway.

Plaintiffs alleged that they had maintained the road in question until the Hawkins

County Road Department began infrequently trespassing on the road in the mid 1980's. Plaintiffs alleged the road has always been private and has never been dedicated as a public road, and only served the property of the plaintiffs and the Brewers.

Plaintiffs further asserted the County improperly included Brewer Road on its road list in certain years in violation of the notice requirements in Tenn. Code Ann. §54-10-203(b), and that this was done as part of a conspiracy between the Brewers and certain County officials to benefit the Brewers at the cost of the public.

After motions to dismiss were filed and denied and the case was put at issue, the Trial Court conducted an evidentiary hearing. Numerous witnesses testified and numerous exhibits were filed and the Court entered Judgment on November 30, 2009, incorporating the Court's Memorandum Opinion by reference. The Court ruled that Brewer Road was not now nor had it ever been a public road nor a county road. The Court, in its Memorandum Opinion, explained:

> The Court has carefully considered the testimony of the parties and witnesses with an aim toward determining whether over the course of several years an offer and acceptance of dedication ever occurred. Based upon the foregoing analysis and considering the factual background of the instant action, this Court determines that at no time have Plaintiffs, Defendants Brewer or any of their predecessors in title formally declared an appropriation of the "lane" or Brewer Road to Hawkins County, Tennessee for use by the public. As such, an express dedication of private property to public use has not been accomplished.

> With reference to whether an implied offer of dedication of the roadway in question for public use was made, the Court determines that the Defendants who posit that Brewer Road is a public road have failed to clearly and unequivocally prove that any landowners have intended to permanently part with the land and vest it in the public, see Cole v. Dych, 535 S.W.2d 315 (1976). The evidence supports a determination that the affected landowners simply acquiesced in the public's use of "the lane" or Brewer Road as a thoroughfare for sporadic use generally related to the Hawkins County Poor Farm and its cemetery. This Court, therefore, concludes that an implied offer of dedication of Brewer Road for public use has not occurred.

The Court then ruled that the road was a private right-of-way available for the use of all the parties and that the bridge over Big Creek was not a public improvement and was privately owned. Finally, that there had been no inverse condemnation or taking of plaintiffs' property by the County, but that the County was immune for claims for monetary damages or trespass.

The issue on appeal is whether the evidence preponderates against the Trial Court's finding that Brewer Road is a private road and that the Brewer Road bridge is privately owned.

Appellants argue that the evidence preponderates against the Trial Court's finding, but it is clear from reviewing the evidence in this case, that most of the witnesses, including disinterested third parties, testified that Stanley Valley Road was in the same place that it had been since the 20's, and that Brewer Road was also in the same place that it had been since that time, and that the two were completely different roads. Further, the road maps going back to 1939 showed the position of Stanley Valley Road consistently.

The only question regarding an "old" Stanley Valley Road seemed to arise from a deed description that stated "old" Stanley Valley Road (with a lowercase "o") and then later mentioned a "new road", but Mr. Shanks explained that he thought the "new road" being referred to was George Allen Road, which was new at that time, and which comported with the rest of the deed description. There was no clear evidence introduced to show that Stanley Valley Road had ever changed position or that somehow Brewer Road was a portion of the old Stanley Valley Road. The evidence does not preponderate against the Trial Court's finding on this issue. Tenn. R. App. P. 13(d).

Appellants also argue that since Brewer Road appeared on the first published road list for Hawkins County in 1987, and had been maintained by the County at least since the 80's, this makes it a county road. Simply calling a road a county road, however, does not fulfill the requirements to establish a public way.

The Trial Court found, a public roadway must be either dedicated to public use, or it must be statutorily established. The Trial Court further found there was no proof of an express dedication of the road at any time by the Brewers or their predecessors, and certainly not by the adjoining landowners whose property it traverses. In order to establish an implied dedication, there must be a showing that the owner clearly and unequivocally intended "to permanently part with the land and vest it in the public." *Jackson v. Byrn*, 393 S.W.2d 137 (Tenn. 1965).

To determine whether a property owner intended to dedicate the land, the Court is to consider whether the owner acquiesced in the public's use of the property as a thoroughfare, whether the public maintained the roadway, and whether the public has used the roadway for an extended period of time. *Cole v. Dych*, 535 S.W.2d 315 (Tenn. 1976). The Court must also determine whether the road has been accepted by public use, which requires a showing of some public act by the county or common use by the general public. *West Meade Homeowners Ass'n., Inc., v. WPMC, Inc.,*788 S.W.2d 365 (Tenn. Ct. App. 1989).

In this case, there was evidence that the Brewers apparently acquiesced in the road being used by the public, but the other property owners clearly did not. While the County had done some maintenance on the road, it had been done without the other property owners' permission, and they had objected whenever they were aware of any intrusion by the County. Further, the public did not use the road, as it only led to the Brewers' property, and while there was testimony of sporadic use of the road to reach the county cemetery as stated by Mr. Brewer, other witnesses (including his wife) testified that the roadway was mainly used just by the property owners, with the exception of invitees. There is no clear evidence to support a finding that all of the owners acquiesced in and evidenced an intent that this roadway be public. The Trial Court did not err in ruling to the contrary.

The Trial Court also found that the road had not been statutorily established pursuant to Tenn. Code Ann. §54-10-101 *et seq*., which requires that a road cannot be added to or deleted from the county road list without notice to interested parties. See Tenn. Code Ann. §54-10-202. Moreover, there was no evidence that the County ever gave notice or held a hearing before adopting the official road map pursuant to Tenn. Code Ann. §54-18-205 and 207.

The uncertain status of Brewer Road is further demonstrated by the County resolution adopted in June 2001, which recognized that Brewer Road may or may not be a public road, and that it does not meet the County's established requirements for a county road, and should be removed from the county road list due to this fact. This is also demonstrated by the right of way language placed in the Brewers' deed, as a public road would not need to be established by a right of way. The proof supports the Trial Court's findings that Brewer Road is a private lane that benefits the Brewers and other adjoining landowners, and is not a public road.

The Judgment of the Trial Court is affirmed and the cost of appeal is assessed to Darrell and Lorraine Brewer.

_____
HERSCHEL PICKENS FRANKS, P.J.