WILLIAM PROCTOR, Appellant, v. THE TOWN OF LEWISTON, Appellee.

APPEAL FROM FULTON.

If the owner of land has fenced out a strip which he at the time designed for a road for public use, and such dedication is accepted by the public, he cannot subsequently change his purpose, and resume the grant.

In such a case, it is the right of the owner to have his declarations, made after such alleged dedication, as well as at the time, go to the jury as evidence of his intention.

It is for the jury to decide whether such subsequent declarations were the result of a change of purpose, or were consistent with his original intention.

THIS was an action by appellee against appellant for obstructing a road, commenced before a justice of the peace, and afterwards carried by appeal to the Fulton Circuit Court. The defendant denied that the road obstructed, which crossed his land, was a public highway, or that he had dedicated it to the public, and offered evidence tending to show that he had never designed to give the land for a road, but had claimed it as its owner, and had demanded rent for its use. This evidence was excluded, and an appeal taken to this court.

STEVENSON & KIMBALL, and BROWNING & BUSHNELL, for Appellant.

GOUDY, JUDD & BOYD, for Appellee.

CATON, C. J. It did not conclusively follow, because the defendant, when he fenced his land, left out a strip of the width convenient for a road, that he designed to dedicate it to the public for that purpose. The fact of dedication depended entirely upon the intention of the party who is alleged to have made it. If at the time he fenced out this strip of land, he designed it for a road for the use of the public, and the dedication was accepted by the public before his retraction, he could not subsequently change his purpose, and resume the grant. It was the right of the defendant to have his declarations, as well as his acts, go to the jury as evidence of his intention. Nor should he be confined to acts and declarations made at the time when he placed the fence upon the line of the alleged road, but his subsequent acts and declarations should all go to the jury. The more remote from the time when the alleged dedication was made, the less weight, no doubt, would they be entitled to, as tending to rebut the intention of the dedication, but it would be for the jury to determine whether such declarations were the

result of a change of purpose, and a design to resume a dedication which he at the time intended in fact to make to the public, or whether they were consistent with his original purpose.

On the trial the defendant propounded to the plaintiff's witness, on cross-examination, the following questions: "Has Mr. Proctor, the defendant, ever claimed the land in question? Has he all the time disclaimed the right of the public in this road? State what you know of the defendant having claimed rent for any portion of this ground?" To each of which questions the plaintiff objected, and the court sustained the objection, and the defendant excepted.

In this we think the court erred. The evidence here offered was competent beyond all question. The judgment is reversed, and the cause remanded.

*Judgment reversed.*