# Case No. 12,105.

## RUCH v. ROCK ISLAND.

### [5 Biss. 95.] [1]

Circuit Court, N. D. Illinois. June, 1869.

DEDICATION—WHAT CONSTITUTES—IRREVOCABLE—ESTOPPEL.

1. Where, in a town plat, one block appears unsubdivided, and without number or mark, that does not constitute a dedication to public purposes; but a statement by the owners, at the time, that it was to be a public square, is a dedication for that purpose.
[Cited in San Leandro v. Le Breton, 72 Cal. 170, 13 Pac. 407.]

2. A dedication, once made, cannot be recalled; and the intention of the owners at the time is to be considered—not their intention at any subsequent time.

3. A purchase by the city of the rights of parties occupying ground claimed as dedicated, does not compromise its claim under the dedication.

Ejectment [by John Ruch against the city of Rock Island] for a block of land in Spencer & Case's addition to the town of Stephenson, the former name of Rock Island.

The defendant claimed by virtue of an alleged dedication.

DRUMMOND, District Judge (charging jury). Jonah H. Case and a Mr. Spencer were, in May, 1836, the claimants to a certain tract

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

of land within the present corporate limits of the city of Rock Island, and on the 17th of that month, laid off a town upon it and recorded the plat in Rock Island county, which was called "Spencer & Case's Addition to the Town of Stephenson" (the former name of the city of Rock Island). On the 21st day of May, 1836, one of the parties entered the land, and became the purchaser from the United States. The plat, as recorded, represents a town bordering upon the Mississippi river; the addition to the town consisting of blocks, lots and streets—the streets being named and the blocks and lots numbered. Near the center of this plat, as thus made and recorded, appears a block fronting on streets—a square block—without any number to it, and without anything upon it to designate any particular object or appropriation of the land. The blocks adjoining this block of land are divided somewhat differently from the other blocks, the alleys running in different directions, and all the lots being made to front on this unnumbered block.

It is true that, where a plat is made and recorded in the way in which this was, if a mark is put upon the plat, indicating that a certain part is for a particular purpose, a legal presumption arises that it is appropriated to that purpose, as in the case of streets; and if, in point of fact, this vacant block of land had been marked or designated in any way, that would have created a legal conclusion of its appropriation to that particular use.

It would seem, therefore, as though there was a peculiarity connected with this block, to show that it was to be something different from the other blocks, but it is necessary that there should be some other proof, in order to show what was the particular object or reason why it was left in this condition. For example, if the owners had intended it should be appropriated as a public square, or to any public use, it was easy so to designate it.

Is there any evidence in the case to show that the minds of the owners did form a purpose, and that that purpose was a finished, complete purpose, so as to enable us to say that this particular lot of land was appropriated to a general or public use?

It is clear that there was an unformed purpose in the minds of the owners of the block, because, if they intended to appropriate it to any particular public use, it could have been so stated on the plat. They did not choose so to state. Now, the only clear evidence we have prior to the sale of these lots, is contained in the deposition of Mr. Powers. He says that he was empowered by the parties to sell these lots, and they were sold in the fall of 1836. In the meantime, on the 8th of June, 1836, between the date of entry and time of sale, Mr. Case sold an interest in the land to Mr. Spencer, thus, as it were, confirming the plat that had been made of the Spencer & Case addition to Stephenson. At the time of this sale, it was stated by Case to Powers, who made the sale under

his directions, that this was a public square. That is all that can be gathered from his testimony—that they intended, or Mr. Case intended this as a public square.

It was undoubtedly competent for Spencer and Case, in connection with the plat which had been made, to dedicate this square at any time to the public, or to dedicate it to any specific purpose, and in connection with what appears on the face of the plat, I think we may infer that he had a right to dedicate it to any specific public use or purpose.

Was that done? Was it done at the time that these lots were sold? Did Mr. Spencer and Mr. Case, at that time, intend to give the public to understand that this square was to be appropriated to public use for the benefit of the proprietors of lots in their addition? If there was this appropriation at the time, by Mr. Spencer and Mr. Case, then I think that appropriation, after it was once made, could not be recalled.

There is the evidence, independent of the testimony of Powers, of one or two other witnesses which it is claimed is corroborative of his testimony. It is for you to say whether there was at that time a purpose so expressed of Messrs. Spencer and Case to make a general appropriation of this square to the public. If such was the intention, a simple declaration was sufficient.

If, however, you believe, from all that there is in the case, that there was not this intention on the part of Spencer & Case, then it may become necessary to consider the next question that arises in the case.

In 1843, it is certain that acts were done by Spencer and Case which were inconsistent with the theory that a general appropriation had been made in 1836. But remember that this is not to be taken as absolute evidence of the state of mind which existed in 1836. They may have had one purpose in 1836 and another in 1843. The point for you to determine is, what was the purpose in 1836. In 1843, they made various deeds, one to the trustees of the Methodist Church, one to the trustees of the Baptist Church, and in 1849, they made a deed to the trustees of schools.

It may be an important question for you to consider in connection with this part of the case, and having a bearing on the second question, whether they had changed their purpose on coming to examine the plat, and finding no particular appropriation upon it, and not recollecting that an appropriation had been made in 1836, and may have come to the conclusion that they would re-assert any power or authority which they once had. Is this the conclusion to be drawn from their acts, or that they had never parted with their rights? These are questions proper for you to ask and to answer.

I do not think that any very great stress should be laid upon the acts of the city council in their negotiations with the Baptist Church. The Baptist Church was there upon the square, having a possessory claim. It

was certainly competent for the city to purchase that claim, whatever it might be, without compromising any rights which they might previously have acquired. A school-house was erected on this lot in 1841. It is said that that is entirely consistent with the special appropriation that was intended by Mr. Case. It is for you to say whether you think, under all the facts and circumstances, there was an original dedication, to the general public.

Verdict for the defendant.

NOTE. A parol dedication is good. Warren v. Jacksonville, 15 Ill. 236. The intention of a party, manifested by expressed consent or acquiescence in the user, will govern in determining what is a dedication. Id.; Dimon v. People, 17 Ill. 416; Marcy v. Taylor, 19 Ill. 634; Proctor v. Lewiston, 25 Ill. 153. For a full discussion, see Rees v. Chicago, 38 Ill. 322; Gentleman v. Soule, 32 Ill. 271. Also, Lakin v. Ames, 10 Cush. 198; Durgin v. City of Lowell, 3 Allen, 398; Canal Trustees v. Haven, 11 Ill. 554; President, etc., Ry. Co. v. City of Indianapolis, 12 Ind. 620; Mayor, etc., of Macon v. Franklin, 12 Ga. 239; Attorney General v. Merrimack Manuf'g Co., 14 Gray, 586; U. S. v. Illinois Cent. R. Co. [Case No. 15,437]; Nelson v. Madison [Id. 10,110]. The owner may give evidence of his declarations as to the dedication, as well after as at the time, to find what was the original purpose. Proctor v. Lewiston, supra.

[This verdict was vacated, and a new trial ordered. The jury again found a verdict for defendants, upon which judgment was entered. (Case unreported.) During the interval between the two trials, the Chicago fire occurred, and all the files in the case were destroyed. The depositions of two witnesses, who had died in the meantime, were also destroyed, and depositions of two other persons were introduced to prove the contents of the depositions destroyed. Plaintiff excepted to the admission of this testimony, and carried the case by writ of error to the supreme court, where the judgment of the circuit court was affirmed. 97 U. S. 693.]