## SHARP v. MYNATT.

PUBLIC ROAD. *Right of way. User will not create. When.* Mere user by permission of land-owner of a way over his land, cannot establish a right to a public way, unless such user is shown by facts and circumstances showing the user by the public under a claim of right, and not simply by permission, actual or tacit, of the owner. The fact that the road had never been worked, repaired, taken control of by the public, or overseers appointed, is an important element of evidence against such claim of right, though not conclusive.

### FROM UNION.

Appeal in error from the Circuit Court of Union ounty.    J. G. ROSE, J.

W. A. HENDERSON for Sharp.

W. P. WASBURN for Mynatt.

FREEMAN, J., delivered the opinion of the court.

Plaintiff sued defendant before a justice of the peace for trespass, by pulling down his fence. Defendant justifies on the ground that the fence had been put across a public highway, therefore he had the right to abate it as a nuisance.

The proof tended to show that a pathway, over which persons had been permitted to pass as a "near cut" (we believe it is called), had existed for about forty years; that it was passable by horsemen, but not adapted to vehicles; that it had never been enlarged to the dimensions of any public road, had

never had an overseer, never been worked, repaired, or obstructions removed by the public; in fact, the public, nor any public authority, had ever taken the slightest notice of it, or control over it, nor made any claim of right to this way, except so far as simple user was concerned on the part of persons passing.

The jury have found for the defendant under his Honor's charge. We look to that charge, in view of the facts before the jury, to see if it is correct. After laying down the principle that a way might be shown in the public by dedication, evidenced by the acts of the land-owner, if accepted by the public, the court adds: "The fact of acceptance by the public of the highway might be proven by the public use as such for such period of time as, in the judgment of the jury, would be sufficient proof of the facts, and it would not be necessary to show an acceptance by the County Court, or the appointment of overseers."

This goes on the idea that simple user for such time as the jury might deem sufficient to evidence acceptance, would make out the case in favor of the defendant. This is not the true principle, and evidently misled the jury, especially in connection with the added remark, that it would not be necessary to show acceptance by the County Court, or appointment of overseers.

In the case of *Worth* v. *Dawson et al.*, 1 Sneed, 62, where the road had been used by the neighbors as a church and mill road for nearly thirty years, this court say: "No use or acceptance of the way

Sharp *v.* Mynatt.

by the public is shown, nor any recognition of it by the proper authority, the County Court; and that while a right of way may be shown by dedication, the doctrine must be cautiously applied."

In 6 Cold., 535, the principle is cited with approval from Angell on Highways, that mere user, however uninterrupted by the public and long continued, is not sufficient to give the right in the public, but that such user must be accompanied by acts showing the use to have been under a claim of right, and not merely by permission of the land-owner, such as working the road, keeping it up by the public, repairing it, or removing obstructions, etc.

We think this the sound principle on this question, and his Honor's view erroneous in leaving out the idea of user under claim of right, and not by mere permission of the owner. The jury, probably were led to infer that exercising control over the road by the County Court was not an element even to be considered by them, from the remarks of his Honor on this question, when, in fact, as an element of evidence, it was important. If the County Court had taken charge of the road, or appointed an overseer, it would have been strong evidence of a claim of right. The failure to do so should go to the jury as tending to rebut the claim of right, or that the use was by virtue of such a claim.

For the error first mentioned, the case must be reversed, and remanded for a new trial.