''JOHNSON CITY v. WOLFE.

(*Knoxville.* September 29, 1899.)

1. MUNICIPAL CORPORATIONS. *Liability for tort of policeman.*

The rule that protects a municipal corporation from liability for the personal tort of its policeman does not apply if the policeman's act had the sanction of the city authorities. (*Post, p. 279.*)

Cases cited: Conelly v. Nashville, 100 Tenn., 262; Irvine v. Chattanooga, 101 Tenn., 291.

2. SAME. *Ratification of policeman's wrongful act.*

A municipal corporation cannot be held to have ratified its policeman's wrongful act in removing a fence by the fact that its Recorder fined the owner for restoring the fence to its original location. (*Post, p. 279.*)

Case cited: Pesterfield v. Vickers, 3 Cold., 205.

3. DEDICATION. *What constitutes.*

The owner of land will be held to have irrevocably dedicated it to public use, notwithstanding an undisclosed intent to the contrary, where his acts and conduct have been such as should fairly and reasonably lead an ordinarily prudent man to infer an intent to dedicate, and have been so received and acted upon by the public for such length of time that the public accommodation and private rights would be materially affected by a denial or interruption of the enjoyment of the easement. (*Post, pp. 279–282.*)

4. SAME. *By married woman.*

A *feme covert* is estopped to deny the dedication of her property to public use, where to permit such denial would operate as a fraud upon others who had acquired rights upon the faith of her acts and declarations evidencing the dedication. (*Post, pp. 282, 283.*)

Cases cited: Galbraith v. Lunsford, 87 Tenn., 89; Pilcher v. Smith, 2 Head, 208; Howell v. Hale, 5 Lea, 405.

Johnson City *v.* Wolfe.

5. SAME. *Length of time requisite to.*

The use of property by the public for twenty years, or any other specific time, is not essential to the creation of implied easement therein. The manner of its use is more material than the length of time the use has continued. (*Post, pp. 283, 284.*)

6. SAME. *Request for instructions erroneously refused.*

In this particular case the Court holds it error for the Judge to refuse to charge on behalf the city as follows, to wit: "If the fence of Mrs. Wolfe was set back on a line with other fences by her husband, and she allowed it to remain set back for eight years, and she allowed the strip of ground in question to be used by the public as a part of the street or sidewalk without objection on her part, said acquiescence by her would amount to a dedication of said strip of land to the public use, and this would be true although she did not authorize or consent to the setting back of the fence in the outset." (*Post, p. 284.*)

---

FROM WASHINGTON.

---

Appeal in error from Circuit Court of Washington County. H. T. CAMPBELL, J.

ROBT. BURROW and S. E. MILLER for Johnson City.

A. R. JOHNSON and E. C. REEVES for Wolfe.

BEARD, J. This is an action of trespass brought by the defendants in error to recover damages for injuries sustained by Mrs. Wolfe in the tearing down of her fence and the destruction of the shrubbery on her lot. There was a verdict for $250.

Johnson City v. Wolfe.

The record shows that the wrong complained of was done by a policeman of plaintiff in error, and it is insisted that this was a personal tort of the wrongdoer, for which the municipality is not liable. The rule of law here invoked is well settled. *Connelly* v. *Nashville,* 100 Tenn., 262; *Irvine* v. *Chattanooga,* 101 Tenn., 291. But the difficulty which plaintiff in error encounters is, that while the testimony is that the fence was torn down and thrown upon the shrubbery growing on the lot of Mrs. Wolfe by the policeman, yet there is enough in the statement of the witnesses, as found in the bill of exceptions, to warrant the jury in making the inference that this action was done with the sanction of the authorities of the corporation. This being so, the plaintiff in error is not in a position to avail itself of this rule of law, especially as evidently it is invoked for the first time in this Court. It is proper to add that the act of the Recorder of this corporation in causing the husband of Mrs. Wolfe to be arrested and amercing him with a fine for setting this fence back in the place from which it had been torn by the police officer, could not of itself be held to ratify the alleged wrongful act so as to make it the act of the municipality. *Pesterfield* v. *Vickers,* 3 Cold., 205.

The real ground upon which this case was defended in the Court below is that the fence, when taken down, was standing on a strip of

ground which had been, by implication, dedicated by Mrs. Wolfe to the public as a part of the street, and which had been accepted and improved as such by the corporation, and which for many years was used by the public as a portion of the street. If such are the facts, the law is that this dedication was irrevocable by the owner (*Rich* v. *City of Rock Island,* 5 Biss., 95), and that the town authorities had a right to remove the fence as an obstruction. Elliott on R. & S., 491, 492; Beach on Pub. Corp., Sec. 1235.

The facts bearing upon dedication, as disclosed in the record, are as follows: The lot, of which the strip in controversy formed a part, fronted on Maple Street at the point of its intersection with Spring Street, in Johnson City. Several years before the wrong complained of, an effort was made by many lot owners on Maple Street, to have it widened by a donation of a strip on each side of ten feet. All these owners on the side on which Mrs. Wolfe's property lies agreed to this except herself. The objection on her part defeated this original plan, but about eight years or more before the institution of this suit Mr. Wolfe did move back the fence which stood along the front of his wife's lot some four and one-half feet. At the time of this removal the fence was an ordinary wooded or pailing one. Afterwards there was erected by him in its place an iron fence of a valuable and permanent char-

acter. When this was done, other lot owners on Maple Street aligned on the fence of the Wolfe's, and the municipal authorities, assuming, as is clearly inferable from the evidence, that it was the intention of the parties to dedicate this open strip to the public, graded it up to the line of the fence and made gutters, and treated it as a part of the street. Not only that, but stepping stones on a line with this strip, in front of the Wolfe property and extending across Spring Street, were laid down, and for eight years the public, without interruption, had used the strip as a part of the street, and also the crossing thus connected with it. This use was for the first time interfered with when the defendants moved their fence out, and once more took within its inclosure the strip in controversy.

With regard to the original act of setting the fence back so as to throw out this strip, Mrs. Wolfe says it was done by her husband without her consent, but she adds that she did not object to the public using it as a part of the street or sidewalk, and that she knew of its use during all the years it was thus outside, and was also aware that the authorities of the town had caused to be constructed the crossing already referred to and of its extension from this strip. Mr. Wolfe corroborates this testimony of his wife.

On the subject of implied dedication the law is well settled that, so far as the owner of the

property is concerned, it is a question of intention, not an intent which is kept concealed in the mind, but that which is manifest in the visible conduct and open acts of the owner. Elliott on Roads and Streets, 92.

The true rule is clearly stated by Mr. Elliott on page 92 of the work just referred to, in the following terms: "The public, as well as individuals, have a right to rely on the conduct of the owner as indicative of his intent. If the acts are such as would fairly and reasonably lead an ordinarily prudent man to infer an intent to dedicate, and they are so received and acted upon by the public, the owner cannot, after acceptance by the public, recall the appropriation." And we think while it is true that in the case of a married woman a stronger case must be made out than if she was discovert to induce the Court to apply the rule of implied dedication to her, yet when a case is made in favor of the public, the doctrine of estoppel *in pais* may be invoked against her. In such a case she is held bound, because it would be a fraud upon the rights of others to permit her to gainsay what she had done and deprive others of rights they have acquired upon the faith of what her acts and declarations implied. Idem., p. 103.

This rule of estoppel *in pais* has been applied by this Court, in cases of private rights, to *femes covert. Galbraith* v. *Lunsford,* 87 Tenn., 89; *Pilcher*

v. *Smith,* 2 Head, 208; *Howell* v. *Hale,* 5 Lea, 405.
And while ordinarily an easement that does not
rest upon express grant can only be created after
an adverse use of twenty years, yet in the matter
of streets and highways a much less period of
use by the public has been held sufficient. In
the case of *Rugby* v. *Merriweather,* 11 East, 395,
a period of eight years was held quite a suf-
ficient time for presuming a dedication of the
way to the public, and in a great case which
Lord Kenyon said was much contested, six years
was held sufficient. To the same effect are the
cases of *Regina* v. *Patrie,* 30 Eng. Com. L. & Eq,
207, and *Jarvis* v. *Dean,* 3 Bing., 447.

It is true that there are other English cases
and some American cases holding that a much
longer period is necessary to create the easement,
yet the weight of authority, at least in this coun-
try, since the leading case of the *City of Cincin-
nati* v. *The Lessee of White,* decided by the Supreme
Court of the United States in 1832, and reported
in 6 Pet., 431, is that the right of the public
to the street or highway dedicated by implication
does not rest upon the length of time it is used.
In formulating the propositions settled by this
case in Vol. 2, Sec. 631, of his work on Mu-
nicipal Corporations, Judge Dillon states the fifth
and last of these propositions in these words: "No
specific length of time is essential to constitute a valid
dedication; all that is required is the assent of

the owner of the soil to the public use and the actual enjoyment by the public for such a length of time that the public accommodation and private rights would be materially affected by a denial or interruption of the enjoyment."

In view of this rule and as applying to the issue in this case the plaintiff was entitled to a submission to the jury of the following special request, which was declined by the trial Judge, to wit: "If the fence of Mrs. Wolfe was set back on a line with other fences by her husband, and she allowed it to remain set back for eight years, and she allowed the strip of ground in question to be used by the public as a part of the street or sidewalk without objection on her part, said acquiescence by her would amount to a dedication of said strip of land to the public use; and this would be true although she did not authorize or consent to the setting back of the fence in the outset."

For error in declining to give this request the judgment must be reversed.