**J.G. ROGERS and Maurine Rogers, Plaintiffs-Appellees,**

v.

**James M. SAIN, Bobby Sain, Charles H. Sain, Joe A. Sain, Howard Sain, William O. Sain and Mrs. William (Marie) Moss, Defendants-Appellants.**

Court of Appeals of Tennessee, Middle Section at Nashville.

June 26, 1984.

Rehearing Denied July 19, 1984.

Permission to Appeal Denied by Supreme Court Oct. 29, 1984.

Robert L. Huskey, Robert C. Lequire, Manchester, for defendants-appellants.

Thomas W. Graham of Cameron, Leiderman & Graham P.C., Jasper, for plaintiffs-appellees.

## OPINION

FRANKS, Judge.

Defendants appeal from the circuit court judgment which states:

> The Oris Sain Road also known as Grundy County Road Number Seven (7) is a public road.
>
> The Plaintiffs, J.G. Rogers and Maurine Rogers, being abutting land owners to portions of said road are entitled to open and free ingress and egress to their property aforesaid over and across said Oris Sain Road.

The road in dispute was constructed by the late Oris Sain at the boundary between plaintiffs' and defendants' properties. The road has a graveled surface and extends six-tenths of a mile to the Sain homeplace. When Oris Sain died, defendants inherited his land and entered into negotiations with Rogers to purchase a tract of Rogers' land most easily accessible by the Oris Sain Road. Negotiations failed to result in a sale and plaintiffs leased the tract to a third party for farming purposes. Subsequently, defendants notified Rogers and the tenant that the road was closed to them. This action resulted, seeking a declaration that the road is a public road.

The trial judge filed an opinion finding facts which formed the basis for his conclusions. He stated:

> It appears by clear and convincing evidence that the road in question, hereafter referred to as the "Oris Sain Road", has been open, and unobstructed and a well-known road to the former home of Oris Sain, now deceased, for more than forty (40) years. This road lies wholly on the defendants' property, formerly Oris Sain property, and lies adjacent to plaintiffs' land for a long distance.[1] The exact

---

1. On the issue of standing, defendants argue, relying on *Black's Law Dictionary*, that "adjacent" does not necessarily mean the properties abut; however, one of the commonly accepted

length of this contiguous relationship is not material to the question here in issue, but appears to be 62 poles in length and is the common boundary between the lands of plaintiffs and defendants. There was substantial proof of occasional use by plaintiffs of the subject road but not of such continued or uninterrupted use for so long as to constitute a private prescriptive easement.... This road was used by the United States Post Office Department since 1960 as a public road for the delivery of mail. On more than one occasion, Oris Sain, now deceased, openly declared this road to be a public road....

The clear preponderance of the evidence indicate that Grundy County began some type of maintenance on this road in the 1930's and its activities increased thereafter especially during the 1960's. The defendants who were old enough to be aware of the activity of the Grundy County Highway Department have all frankly admitted that the County Highway Department did expend an undetermined amount of money on the maintenance of this road but stated that this was not an intention on their part to dedicate this land as a public road. They admitted sometimes requesting this service and received it because the county maintained many private roads in the county.[2] The Court finds that the road had been substantially improved and maintained by the County Highway Department for more than twenty (20) years with the express request of defendants or their predecessors in title and to some extent for more than 40 years....

The Court further finds that the west fence maintained by Plaintiffs to be the common boundary between the real estate owned by the plaintiffs and the defendants and that some portion of this boundary line is adjacent to the road in question, sometimes known as the "Oris Sain Road."

We agree with the trial court's assessment of the evidence and adopt the foregoing as our factual determinations.

■ Defendants argue plaintiffs have no standing to have the roadway declared a public road since only the county and abutting landowners have standing to maintain the action under the authority of *Knierim v. Leatherwood*, 542 S.W.2d 806 (Tenn. 1976). We do not read *Knierim* so restrictively. In that case, the Supreme Court said to have standing, a complaining party must have special, pecuniary or proprietary interest in the alleged public road which may be established by demonstrating some special injury or damage. *Knierim* established no absolute requirement that the complaining party be an abutting landowner, but recognizes the significance of abutting ownership when the road is abandoned by the public, in which case, such landowner may retain a private easement. However, it is unnecessary for us to detail the Rogers' special, pecuniary or proprietary interest in the road since the evidence establishes, as the chancellor determined, the Rogers are abutting landowners. (Rogers' surveyor testified Rogers' property line actually extends a few feet in the roadway.)

■ Defendants' principal argument is the evidence does not establish an implied dedication of the road to public use. It has long been established that private land can be implicitly dedicated to use as a public road. *McCord v. Hays*, 202 Tenn. 46, 302

definitions of "adjacent" is "adjoining". Moreover, if "adjacent" in the text of the memorandum could be said to be ambiguous, the judgment removes such ambiguity by describing the properties' relationship as "abutting" landowners and the judgment, rather than the memorandum opinion, is the authoritative and effective action of a trial court. *Palmer v. Palmer*, 562 S.W.2d 833 (Tenn.App.1977).

2. Defendants argue that the judge's fact finding is somehow tainted because he stated in his memorandum that a determination the road was a private road would cast the highway commissioners "who have expended money on this road ... in direct and absolute violation of T.C.A., § 54–4–101, *et seq.*" This observation is nothing more than recognition of the familiar rule that public officials are presumed to have properly discharged their public duties and responsibilities.

S.W.2d 331 (1957); *Scott v. State*, 33 Tenn. 629 (1854). When an implied dedication is claimed, the focus of the inquiry is whether the landowner intended to dedicate the land to a public use. *McCord, supra; Johnson City v. Wolfe*, 103 Tenn. 277, 52 S.W. 991 (1899); *Nicely v. Nicely*, 33 Tenn.App. 589, 232 S.W.2d 421 (1949). The proof on the issue of intent to dedicate must be unequivocal, *Cole v. Dych*, 535 S.W.2d 315 (Tenn. 1976), but intent may be inferred from surrounding facts and circumstances, *Cole, supra*, including the overt acts of the owner. *Wolfe, supra.*

The significance of the conduct of the landowner is assessed in *Wolfe*, where the court said:

"The public, as well as individuals, have a right to rely on the conduct of the owner as indicative of his intent. If the acts are such as would fairly and reasonably lead an ordinarily prudent man to infer an intent to dedicate [the court will find that the road has been so dedicated]."

*Wolfe*, 103 Tenn. at 282, quoting from *Elliott on Roads and Streets*, § 92.

Among the factors which indicate an intent to dedicate are: the landowner opens a road to public travel; *Wolfe, supra; Burkitt v. Battle*, 59 S.W. 429 (Tenn. Ch.App.1900); acquiescence in the use of the road as a public road, *Nicely* and *Burkitt, supra;* and the fact the public has used the road for an extended period of time, *McCord, supra; Scott, supra.* While dedication is not dependent on duration of the use, extended use is a circumstance tending to show an intent to dedicate. *Cole, supra.* Finally, an intent to dedicate is inferrable when the roadway is repaired and maintained by the public. *Burkitt, supra*, citing *Sharp v. Mynatt*, 69 Tenn. 375 (1878).

The foregoing authorities support the trial judge's conclusion, derived from the facts, that the road was dedicated by implication as a public road. We affirm the judgment of the trial court and remand at appellants' cost.

LEWIS and CANTRELL, JJ., concur.