IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
AUGUST 4, 2010 Session

## JAMES RAINWATER, ET AL. v. SUMNER COUNTY, TENNESSEE, ET AL.

**Direct Appeal from the Circuit Court for Sumner County**
**No. 2008-CV-31563-C      C. L. Rogers, Judge**

**No. M2010-00098-COA-R3-CV - Filed October 28, 2010**

Plaintiffs sought a declaratory judgment that a gravel drive running through their property is a private easement rather than a public road. The trial court granted summary judgment in favor of the defendants, finding that the drive is a public road. Finding this case inappropriate for summary judgment, we reverse the trial court's grant of summary judgment and remand for a trial on the merits.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Bruce N. Oldham, Gallatin, Tennessee, for the appellants, James Rainwater, et al

Leah May Dennen, Gallatin, Tennessee, A. Scott Derrick, Nashville, TN, for the appellees, Sumner County, et al

John A. Beam, III, Kristin Fecteau, Nashville, TN, for the appellees, C. Russell Bridges and Janet C. Bridges

Mark T. Smith, Gallatin, Tennessee, for the appellees, William Hardaway and Judy Hardaway and Dry Fork Creek Cumberland Presbyterian Church

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

In 1982, Janet C. Bridges and her husband C. Russell Bridges acquired unimproved property in Gallatin, Tennessee, which included the property known as Lot #12 Dry Fork Creek Road. In September 2001, the Bridges subdivided the property and recorded a plat. Three months later, the Bridges sold the 8.62 acre Lot #12 ("the Property") to Howard Riggan via a Warranty Deed. Mr. Riggan sold the Property to James Rainwater and his wife Jinger Rainwater in August 2004, executing a Warranty Deed.

The south end of the Property is bordered by Dry Fork Creek Road. Perpendicular to Dry Fork Creek Road, and running through the middle of the Property, is a gravel drive, known as Dry Fork Road, leading to Dry Fork Creek Cumberland Presbyterian Church (the "Church") and a cemetery north of the Property. The classification of this drive as a public road or a private easement is at issue in this case.

In May 2008, the Rainwaters filed a complaint in the Sumner County Circuit Court, seeking a declaratory judgment declaring the drive a private easement. Alternatively, the Rainwaters sought damages from Sumner County for inverse condemnation and damages against the Bridges and Mr. Riggan for breach of warranty of title and negligent misrepresentation.[1] The Rainwaters later amended their complaint to allege the additional claim of trespass against adjoining landowners William L. Hardaway and Judy G. Hardaway and to resolve a boundary dispute.

The trial was bifurcated to first resolve the issue of whether the drive is a public road or a private easement. Sumner County then filed a motion for summary judgment claiming that "[t]here is sufficient evidence of implied offer and acceptance of dedication to establish that [the drive] is a public road." The Bridges also filed a motion for summary judgment claiming that the Rainwaters' claims against them were barred by the statute of limitations, that the Bridges had no contact or communication with the Rainwaters upon which to base a breach of contract or misrepresentation claim, and that the Bridges made no

---

[1]The Church was also named as a defendant "solely because the church has a right to use the driveway, and the church is therefore believed to be a necessary party to this case."

misrepresentations in the warranty deed conveying the Property to Mr. Riggan.

Following a hearing on June 26, 2009, the trial court granted the defendants' motions for summary judgment, finding that the defendants were "entitled to a declaratory judgment [that] the roadway is public as a matter of law." The trial court specifically dismissed the Rainwaters' claims against Sumner County, the Bridges, the Hardaways, and the Church. It did not address the Rainwaters' claims against Mr. Riggan. The judgment was made final pursuant to Tennessee Rule of Civil Procedure 54.02 on December 10, 2009, and the Rainwaters timely appealed.

## II. ISSUES PRESENTED

Appellants present the following issues for review:

1.   Whether the trial court erred by ruling on motion for summary judgment that the roadway crossing the Plaintiffs' property is a public road as a matter of law; and

2.   In the event that this Court affirms the trial court's decision that the roadway is a public road, whether the alternative claims against the other defendants in this case should be dismissed.

Additionally, the Bridges present the following issue, as summarized, for our review:

1.   Whether Appellants' negligent misrepresentation and breach of warranty claims were properly dismissed.

For the following reasons, we reverse the trial court's grant of summary judgment and we remand for a trial on the merits.

## III. DISCUSSION

"To establish a dedicated public right-of-way, there must be a showing of an offer of dedication and a public acceptance of the offer. Both the offer of dedication and the public acceptance may be express or implied." *West Meade Homeowners Ass'n, Inc. v. WPMC, Inc.*, 788 S.W.2d 365, 366 (Tenn. Ct. App. 1989) (citations omitted). In this case, the trial court granted summary judgment to the defendants, finding "an implied dedication and acceptance of the roadway since at least since 1960. . . . [as well as a] formal acceptance of the roadway by Sumner County as a public road [] at least since 1993." "When an implied dedication is claimed, the focus of the inquiry is whether the landowner intended to dedicate the land to a public use." *Rogers v. Sain*, 679 S.W.2d 450, 453 (Tenn. Ct. App. 1984)

(citations omitted). "The proof on the issue of intent to dedicate must be unequivocal, but intent may be inferred from surrounding facts and circumstances, including the overt acts of the owner." *Id.* Factors indicating an intent to dedicate are: "the landowner opens a road to public travel; acquiescence in the use of the road as a public road; and the fact the public has used the road for an extended period of time[.]" *Id.* "While dedication is not dependent on duration of the use, extended use is a circumstance tending to show an intent to dedicate." *Id.* "Finally, an intent to dedicate is inferrable when the roadway is repaired and maintained by the public." *Id.*

The resolution of a motion for summary judgment is a matter of law, which we review de novo with no presumption of correctness. *Martin*, 271 S.W.3d at 84. However, "we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." *Id.* (citing *Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89 (Tenn. 2000)). Summary judgment is appropriate "when the undisputed facts, as well as the inferences reasonably drawn from the undisputed facts, support only one conclusion–that the moving party is entitled to a judgment as a matter of law." *Green, v. Green,* 293 S.W.3d 493, 513 (Tenn. 2009) (citing *Griffis v. Davidson County Metro. Gov't,* 164 S.W.3d 267, 283-84 (Tenn. 2005); *Pero's Steak & Spaghetti House v. Lee,* 90 S.W.3d 614, 620 (Tenn. 2002)).

A motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Tenn. R. Civ. P. 56.04.** "While summary judgment is an efficient means of deciding cases dependant solely on questions of law, *see Brookins v. The Round Table, Inc.*, 624 S.W.2d 547, 550 (Tenn. 1981), [*superseded by statute on other grounds*, Tenn. Code Ann. 57-10-101, *as recognized in Worley v. Weigels, Inc.*, 919 S.W.2d 589 (Tenn. 1986),] 'it should not replace a trial when disputed factual issues exist, because its purpose is not to weigh the evidence, to resolve factual disputes, or to draw inferences from the facts.'" ***Downs ex rel. Downs v. Bush***, 263 S.W.3d 812, 815 (Tenn. 2008) (quoting *Rollins v. Winn Dixie*, 780 S.W.2d 765, 676 (Tenn. Ct. App. 1989)) (some internal citations omitted). "The party seeking the summary judgment has the burden of demonstrating that no genuine disputes of material fact exist and that it is entitled to a judgment as a matter of law." *Green*, 293 S.W.3d at 513 (citing *Martin v. Norfolk S. Ry.,* 271 S.W.3d 76, 83 (Tenn. 2008); *Amos v. Metro. Gov't of Nashville & Davidson County,* 259 S.W.3d 705, 710 (Tenn. 2008)).

When the moving party does not bear the burden of proof at trial, it may make the required showing and shift the burden of production to the nonmoving party by either: (1) affirmatively negating an essential element of the nonmoving party's claim; or (2) showing

that the nonmoving party cannot prove an essential element of the claim at trial. ***Hannan v. Alltel Publ'g Co.,*** 270 S.W.3d 1, 8-9 (Tenn. 2008). "[T]o negate an essential element of the claim, the moving party must point to evidence that tends to disprove an essential factual claim made by the nonmoving party." ***Martin,*** 271 S.W.3d at 84 (citing *Blair v. W. Town Mall,* 130 S.W.3d 761, 768 (Tenn. 2004)). On the other hand, "a plaintiff who files a motion for partial summary judgment on an element of his or her claim shifts the burden by alleging undisputed facts that show the existence of that element and entitle the plaintiff to summary judgment as a matter of law." ***Hannan,*** 270 S.W.3d at 9, n. 6. "If the moving party makes a properly supported motion, then the nonmoving party is required to produce evidence of specific facts establishing that genuine issues of material fact exist." ***Martin,*** 271 S.W.3d at 84 (citing *McCarley v. W. Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd v. Hall,* 847 S.W.2d 208, 215 (Tenn. 1993)).

Assuming that the facts being considered are found in the record and admissible in evidence, the next inquiry is whether a factual dispute actually exists. ***Green***, 293 S.W.3d at 514. "If reasonable minds could justifiably reach different conclusions based on the evidence at hand, then a genuine question of fact exists." ***Id.*** (citing *Martin,* 271 S.W.3d at 84; *Louis Dreyfus Corp. v. Austin Co.,* 868 S.W.2d 649, 656 (Tenn. Ct. App. 1993)). "If, on the other hand, the evidence and the inferences reasonably drawn from the evidence would permit a reasonable person to reach only one conclusion, then no material factual dispute exists, and the question can be disposed of as a matter of law." ***Id.*** (citing *Godfrey v. Ruiz,* 90 S.W.3d 692, 695 (Tenn. 2002); *Seavers v. Methodist Med. Ctr. of Oak Ridge,* 9 S.W.3d 86, 91 (Tenn. 1999)). Still, not every factual dispute requires the denial of a motion for summary judgment. ***Id.*** To warrant denial of a motion for summary judgment, the factual dispute must be material, meaning "germane to the claim or defense on which the summary judgment is predicated." ***Id.*** (citing *Eskin v. Bartee,* 262 S.W.3d 727, 732 (Tenn. 2008); *Luther v. Compton,* 5 S.W.3d 635, 639 (Tenn. 1999)).

In this case, for purposes of summary judgment, the facts are mostly undisputed: Both the 1960 and the 1980 Sumner County general highway maps show Dry Fork Road as a public road. Each year since 1993, the Sumner County Commission has adopted a resolution approving Dry Fork Road, among others, as a public road. Additionally, Dry Fork Road is listed on the official Sumner County road list as a public road, and the Sumner County Highway Department considers it a public road. However, there are no records showing a formal dedication of Dry Fork Road.

During the time Janet Bridges owned the Property in 1982, there was a locked gate at the entrance to Dry Fork Road. From the time the Rainwaters purchased the Property in 2004 until July 2007, this gate remained closed except when church services were being held. Until July 2007, Sumner County never asked the Rainwaters, or their predecessors in title,

to open or remove the gate. Currently, there is a sign "of the type used for public roads" listing the Dry Fork Road name at its entrance from Dry Fork Creek Road; however, according to the Rainwaters, this sign was not erected until July 2007.

The plat referenced in the Rainwaters' warranty deed describes the drive as a "20' Ingress/Egress Easement[,]" rather than as a public road. Additionally, the maps used by the Sumner County Building Codes Department show the drive as an easement, and the Sumner County Tax Assessor's tax map does not show a public road known as Dry Fork Road crossing the Rainwaters' property. In 2009, the Rainwaters paid property taxes on 8.62 acres, which included Dry Fork Road.

The parties dispute whether Sumner County maintained Dry Fork Road. Sumner County claims that its highway department has improved and maintained the road "for many years" and that it built a bridge on Dry Fork Road; however, the Rainwaters dispute this allegation, claiming that from 2004 to 2007, they never saw Sumner County employees repairing or maintaining the road. The Rainwaters further claim that the documents submitted in support of Sumner County's maintenance claim are inadmissible based on lack of trustworthiness, as they include work performed on "Dry Fork Creek Road," which is a different road, and "Dry Fork," which they claim is not a county road at all.

Although the facts in this case are mostly undisputed, the existence of undisputed facts does not compel a grant of summary judgment. *See Price v. Mercury Supply Co., Inc.*, 682 S.W.2d 924, 929 (Tenn. Ct. App. 1984) ("Even if the basic facts are not in dispute, this Court has held that granting a summary judgment is not proper when the parties disagree about the inferences to be drawn from the facts."). As we stated above, summary judgment is appropriate "when the undisputed facts, as well as the *inferences* reasonably drawn from the undisputed facts, support only one conclusion–that the moving party is entitled to a judgment as a matter of law." *Green*, 293 S.W.3d at 513 (citing *Griffis*, 164 S.W.3d at 283-84; *Pero's*, 90 S.W.3d at 620) (emphasis added). "[A] trial court is not to 'weigh' the evidence when evaluating a motion for summary judgment." *Lawrence County Educ. Ass'n v. Lawrence County Bd. of Educ.*, 244 S.W.3d 302, 320 (Tenn. 2007) (citing *Byrd*, 847 S.W.2d at 211). "[W]hen there is any dispute regarding the reasonable inferences that can be drawn from the undisputed facts . . . a summary judgment motion should not be granted." *Martin*, 271 S.W.3d at 89 (citing *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 66 (Tenn. 2001); *Mason v. Seaton*, 942 S.W.2d 470, 473 (Tenn. 1997)).

In this case, a dispute exists regarding the proper interpretation of the above-stated facts: Sumner County and the Bridges contend that the evidence establishes an implied dedication of Dry Fork Road for public use and an acceptance by Sumner County, while the Rainwaters submit that it does not. We find that "reasonable minds could justifiably reach

different conclusions based on the evidence at hand[,]" ***Green***, 293 S.W.3d at 514 (citations omitted), and that the undisputed, yet competing, facts require a weighing of the evidence, rendering summary judgment inappropriate. Accordingly, we reverse the trial court's grant of summary judgment and we remand for a trial on the merits.[2] All remaining issues are pretermitted.


## IV. CONCLUSION

For the aforementioned reasons, we reverse the trial court's grant of summary judgment and we remand for a trial on the merits. All remaining issues are pretermitted. Costs of this appeal are taxed to Appellees, Sumner County, Tennessee, C. Russell Bridges, Janet Bridges, William L. Hardaway, Judy G. Hardaway, and Dry Fork Creek Cumberland Presbyterian Church, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[2]As an additional ground for reversing summary judgment, we find that a material factual dispute exists regarding Sumner County's repair and maintenance of Dry Creek Road.