IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 18, 2012 Session

TIMOTHY KLEIN and ANGELA KLEIN v. HARDIN COUNTY, TENNESSEE, ET AL.

Direct Appeal from the Circuit Court for Hardin County
No. 4229     Charles C. McGinley, Judge

No. W2011-01944-COA-R3-CV - Filed August 16, 2012

This is an appeal from the grant of summary judgment in favor of Appellee, a property developer. The underlying case is for personal injuries sustained by Plaintiffs in a motorcycle accident, which was allegedly caused by a pothole in the road. The question presented for determination is, as between Appellee and Appellant Hardin County, who owns the portion of the road where the accident occurred. After completing its development, Appellee dedicated portions of the roadway to Hardin County for public use. However, in cross-motions for summary judgment the Appellee and Appellant each claimed that the other owned the disputed portion of the road where the accident occurred. Although the disputed portion of the road was specifically excluded from the dedication, and Appellee maintained the road, the trial court determined that Appellee had implicitly dedicated the disputed portion to Appellant and granted summary judgment in favor of Appellee developer. Based upon the evidence in record, we conclude that reasonable minds could reach different conclusions concerning ownership of the road and accordingly, reverse the grant of summary judgment.

Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

James I. Pentecost and William B. Mauldin, Jackson, Tennessee, for the appellant, Hardin County, Tennessee.

Timothy G. Wehner, Michelle Greenway Sellers, and A. Blake Neill, Jackson, Tennessee, for the appellee, Montana Land Company, LLC.

# OPINION

On August 18, 2008, Plaintiffs Timothy and Angela Klein were traveling east on Northshore Drive in Hardin County, Tennessee when they were involved in an accident. The Kleins were riding on a motorcycle, with Timothy Klein driving and Angela Klein seated behind him. In their complaint, the Kleins allege that they encountered a truck traveling in the opposite direction, and that there was a large pothole on their side of the road. According to the complaint, the pothole measured "at least five feet in diameter with significant depth." The Kleins allege that they had to take evasive action in order to avoid the pothole and the oncoming traffic and that, as a result of that evasive action, Mr. Klein lost control of the motorcycle, resulting in a wreck and injuries to both of the Kleins.

The accident at issue occurred on Northshore Drive at or about 1/10th of a mile from Highway 128. Northshore Drive was originally part of a development near Pickwick Lake known as North Shore, which was built and owned by property developer, Appellee Montana Land Company ("MLC"). The North Shore area is parallel to Tennessee State Highway 128. The Tennessee Valley Authority ("TVA") owns the property immediately adjacent to Highway 128, thus separating the North Shore area from access to a public road. On July 8, 1998, the TVA granted an easement to MLC, which allowed MLC to place a road (i.e., Northshore Drive) across the TVA's private property that abuts Highway 128 in order to connect the North Shore area to Highway 128.

On October 27, 1998, MLC dedicated portions of Northshore Drive to Appellant Hardin County, Tennessee ("Hardin County") for public use. It is undisputed that the road dedication document only dedicated specific sections of Northshore Drive to Hardin County. The dedication document contains an express exclusion, stating, in relevant part, that "Northshore Drive as the same fronts lots 1 through 7. . . shall remain [a] private road and [is] not dedicated for public use." It is also undisputed that the portion of Northshore Drive that fronts lots one through seven of the North Shore development encompass that portion of Northshore Drive where the Kleins' accident occurred. Thus, according to the dedication document, the first 6/10th of a mile of Northshore Drive extending from Highway 128 was expressly not dedicated to Hardin County for public use. MLC alleges that, while it expressly dedicated the portion of Northshore Drive that it owned, it also implicitly dedicated the first 6/10th of a mile of Northshore Drive, which connected the road to Highway 128. According to MLC's argument, the road dedication document did not expressly include the first 6/10th of a mile because MLC only possessed an easement from the TVA over this portion of the road. It is undisputed that the pothole, which the Kleins allege caused their accident, is located at or about 1/10th of a mile from Highway 128, which is within the first 6/10th of a mile section of the road that MLC did not specifically dedicate to Hardin County. Because the Kleins' accident occurred at or about the 1/10th of a mile from Highway 128, the

question of ownership of this portion of Northshore Drive is paramount to the proper adjudication of this case.

Concerning maintenance and use of Northshore Drive, the record indicates that MLC has never prevented the public from using all of Northshore Drive. In fact, Hardin County listed the entirety of Northshore Drive as a public road on the county's road list from 2000 through 2007. However, in 2008, Northshore Drive was dropped from the county's road list. There is no explanation in the record as to why Northshore Drive was excluded from Hardin County's 2008 road list. Regardless, MLC alleges that Hardin County did not follow the statutory requirements for closing or abandoning a public road because it did not notify the landowners of its intent to abandon or close the road. After dedicating the road, MLC did make improvements to Northshore Drive in order to enhance the North Shore development, but MLC alleges that it made these improvements for the goodwill of its development project and not out of an obligation or duty to make repairs. It is undisputed, however, that all repairs made to the road surface, since it was tarred and chipped, were done by MLC and not by Hardin County. Hardin County alleges that it is not required to maintain, or otherwise exercise any control over the relevant portion of Northshore Drive. Specifically, it argues that the area of Northshore Drive where the accident occurred is on land owned by the TVA and controlled by the easement between MLC and the TVA, to which Hardin County is not a party.

Hardin County further argues that it had no prior knowledge of the alleged pothole before the accident on August 18, 2008. In his deposition, Paul Blount, Road Commissioner for Hardin County, testified that he was unaware of the pothole and that his office had no record of any contact concerning the alleged pothole. Moreover, there is no evidence that, in 2008, any Highway Department employee traveled over the section of Northshore Drive that is in question; in fact, the record indicates that there is no need for any Hardin County employee to use that section of Northshore Drive to get to roads that are maintained by Hardin County.

On September 29, 2008, the Kleins filed a complaint for personal injuries in the Hardin County Circuit Court against Hardin County. On January 5, 2009, Hardin County filed a motion to dismiss and an answer. The Circuit Court entered an agreed order, whereby the Kleins were granted leave to amend their complaint to add MLC as a defendant. The amended complaint was filed on March 23, 2009.

On June 1, 2010, Hardin County filed a motion for summary judgment. In its motion, Hardin County asserts that it is immune from any liability in this case under the Tennessee Governmental Tort Liability Act ("TGTLA") and that immunity has not been waived because: (1) it did not own and control the section of Northshore Drive where the accident

occurred, and (2) even if there had been a finding of ownership and control by Hardin County, it did not have the required actual or constructive knowledge of the pothole. On October 1, 2010, MLC also requested summary judgment, arguing, in relevant part, that the portion of the road where the Kleins' accident occurred had been implicitly dedicated to Hardin County.

Both motions for summary judgment were heard by the trial court on March 21, 2011. Following the hearing, the court issued its oral ruling from the bench. Therein, the court granted MLC's motion and denied Hardin County's motion. An order was entered on June 9, 2011, wherein the trial court granted MLC's motion, finding, in relevant part, that MLC "positively and unequivocally intended to permanently part with the entirety of Northshore Drive to Hardin County. . .for public use and there can be no other reasonable explanation of its conduct." This order was made final and appealable by inclusion of Tennessee Rule of Civil Procedure 54.02 language expressly stating that there is no just reason for delay of entry of a final judgment. Also on June 9, 2011, the trial court entered a separate order, denying Hardin County's motion for summary judgment. Therein, the trial court specifically found that "Hardin County owed duties with respect to repair and maintenance of the road. . . ." Unlike the order granting MLC's motion, the order denying Hardin County's motion for summary judgment was not made final by inclusion of Tennessee Rule of Civil Procedure 54.02 language. Hardin County did seek interlocutory appeal of this order under Tennessee Rule of Appellate Procedure 9; however, the motion was denied by this Court. There is no indication that Hardin County obtained a final order in the trial court after denial of its Rule 9 appeal.

Hardin County appeals, asking this Court to review both the grant of summary judgment in favor of MLC, and the denial of Hardin County's motion for summary judgment. Specifically, Hardin County asks this Court to grant summary judgment in its favor. Because the order denying Hardin County's motion for summary judgment was not made final and appealable in the trial court, this Court does not have jurisdiction to review the denial of Hardin County's motion for summary judgment. Tenn. R. App. P. 3(a). However, because the order granting MLC's motion for summary judgment is final for purposes of appeal, we will review the question of whether the grant of summary judgment was proper.[1] Accordingly, the sole issue for review is:

---

[1] As discussed, because of lack of jurisdiction, we cannot review the order denying Hardin County's motion for summary judgment. However, because of our conclusion herein that reasonable minds could reach different conclusions concerning ownership of the disputed portion of the roadway, even if we could review the denial of Hardin County's motion for summary judgment, we would be unable to grant summary judgment in favor of Hardin County at this juncture.

Whether the trial court erred in granting summary judgment in favor of MLC.

A trial court's decision to grant a motion for summary judgment presents a question of law. Our review is therefore *de novo* with no presumption of correctness afforded to the trial court's determination. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). "This Court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied." *Mathews Partners, L.L.C. v. Lemme*, No. M2008–01036–COA–R3–CV, 2009 WL 3172134, at *3 (citing *Hunter v. Brown*, 955 S.W.2d 49, 50–51 (Tenn. 1977)).

When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. The moving party may accomplish this by either: (1) affirmatively negating an essential element of the non-moving party's claim; or (2) showing that the non-moving party will not be able to prove an essential element at trial. *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8–9 (Tenn. 2008). However, "[i]t is not enough for the moving party to challenge the nonmoving party to 'put up or shut up' or even to cast doubt on a party's ability to prove an element at trial." *Id*. at 8. If the moving party's motion is properly supported, "[t]he burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." *Id*. at 5 (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). The non-moving party may accomplish this by: "(1) pointing to evidence establishing material factual disputes that were overlooked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for the trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P. 56.06." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted).

When reviewing the evidence, we must determine whether factual disputes exist. In evaluating the trial court's decision, we review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). If we find a disputed fact, we must "determine whether the fact is material to the claim or defense upon which summary judgment is predicated and whether the disputed fact creates a genuine issue for trial." *Mathews Partners*, 2009 WL 3172134, at *3 (citing *Byrd*, 847 S .W.2d at 214). "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd*, 847 S.W.2d at 215. A genuine issue exists if "a reasonable jury could legitimately resolve the fact in favor of one side or the other." *Id*. "Summary [j]udgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion." *Landry v. South Cumberland Amoco, et al.*, No.

E2009–01354–COA–R3–CV, 2010 WL 845390, at *3 (Tenn. Ct. App. March 10, 2010) (citing **Carvell v. Bottoms**, 900 S.W.2d 23 (Tenn. 1995)). However, if there is any uncertainty concerning a material fact, then summary judgment is not the appropriate disposition. As stated by our Supreme Court in **Evco Corp. v. Ross**, 528 S.W.2d 20 (Tenn. 1975):

> The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He [or she] is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

*Id*. at 24–25.

In the instant case, the threshold question is whether MLC or Hardin County own by express or implied dedication the portion of Northshore Drive on which the Kleins' accident occurred. It is undisputed that the road dedication document does not expressly dedicate the first 6/10th of a mile of Northshore Drive running from Highway 128 to Hardin County. Consequently, Hardin County ownership of this section of the road must be implicitly shown.

In Tennessee, private land can be implicitly dedicated to use as a public road. **McCord v. Hays**, 302 S.W.2d 331 (Tenn. 1957). When an implied dedication is claimed, the focus of the inquiry is whether the landowner intended to dedicate the land to a public use. **McCord**, 302 S.W.2d 331; **Johnson City v. Wolfe**, 52 S.W. 991 (Tenn. 1899); **Nicely v. Nicely**, 232 S.W.2d 421 (Tenn. Ct. App. 1949). The proof on the issue of intent to dedicate must be unequivocal, **Cole v. Dych**, 535 S.W.2d 315 (Tenn. 1976), but intent may be inferred from surrounding facts and circumstances, including the overt acts of the owner. **Id.**

The significance of the conduct of the landowner is assessed in **Wolfe**, where the court said:

> The public, as well as individuals, have a right to rely on the conduct of the owner as indicative of his intent. If the acts are such as would fairly and reasonably lead an ordinarily prudent man to infer an intent to dedicate [the court will find that the

road has been so dedicated].

*Wolfe*, 52 S.W. at 991 (quoting Elliott on Roads and Streets, § 92).

Among the factors that indicate an intent to dedicate are: (1) the landowner opens a road to public travel, *Burkitt*, 59 S.W. 429; (2) acquiescence in the use of the road as a public road, *Nicely,* 232 S.W.2d 421; and (3) the fact that the public has used the road for an extended period of time, *McCord*, 302 S.W.2d 331. While dedication is not dependent on duration of the use, extended use is a circumstance tending to show an intent to dedicate. *Cole*, 535 S.W.2d 315. Finally, an intent to dedicate is inferrable when the roadway is repaired and maintained by the public. *Burkitt*, 59 S.W. 429 (citing *Sharp v. Mynatt*, 69 Tenn. 375 (1878)).

Although the facts in this case are mostly undisputed, the existence of undisputed facts does not compel a grant of summary judgment. See *Price v. Mercury Supply Co., Inc*., 682 S.W.2d 924, 929 (Tenn. Ct. App.1984) ("Even if the basic facts are not in dispute, this Court has held that granting a summary judgment is not proper when the parties disagree about the inferences to be drawn from the facts."). Summary judgment is appropriate "when the undisputed facts, as well as the inferences reasonably drawn from the undisputed facts, support only one conclusion—that the moving party is entitled to a judgment as a matter of law." *See also* *Green v. Green*, 293 S.W.3d 493, 513 (Tenn. 2009) (citing *Griffis v. Davidson County Metropolitan Gov't*, 164 S.W.3d 267,  283–84 (Tenn. 2005)). "[A] trial court is not to 'weigh' the evidence when evaluating a motion for summary judgment." *Lawrence County Educ. Ass'n v. Lawrence County Bd. of Educ.*, 244 S.W.3d 302, 320 (Tenn. 2007) (citing *Byrd*, 847 S.W.2d at 211). "[W]hen there is any dispute regarding the reasonable inferences that can be drawn from the undisputed facts . . . a summary judgment motion should not be granted." *Evco*, 528 S.W.2d at 24-25; *see also* *Martin v. Norfolk Southern Railway Co.*, 271 S.W.3d 76, 89 (Tenn. 2008) (citing *Brown v. Birman Managed Care, Inc*., 42 S.W.3d 62, 66 (Tenn. 2001); *Mason v. Seaton*, 942 S.W.2d 470, 473 (Tenn. 1997)).

In this case, MLC contends, and the trial court agreed, that the evidence establishes an implied dedication of Northshore Drive for public use and an acceptance by Hardin County; Hardin County submits that the evidence does not establish these facts.  In granting the motion for summary judgment in favor of MLC, the trial court stated that:

> It is without question that [the disputed section of Northshore Drive] was a public road.  It was used by the public.  It is without question that portions [] were dedicated, and that there's an implied dedication as to the portion that would go from the [specifically] dedicated portions of

the [road].

Based upon the foregoing law on implicit dedications, the use of the road by the public is only one of the factors to be considered in determining the parties' intent. Although Northshore Drive was used by the public, the road dedication document specifically excludes that portion of Northshore Drive where the Kleins' accident occurred. Because there is a specific exclusion of this section of the road, the evidence of the parties' intent to implicitly dedicate the contested area of the road must be unequivocal. Although the road is used by the public, there is the additional inquiry concerning maintenance. Here, it is undisputed that Hardin County did not maintain this road. As noted above, since it was constructed, the road has been maintained by MLC. This fact, along with the specific exclusion of the first 6/10th of a mile of the road in the dedication, lead us to conclude that "reasonable minds could justifiably reach different conclusions based on the evidence at hand[,]" *Green*, 293 S.W.3d at 514 (citations omitted), and that the undisputed, yet competing, facts require a weighing of the evidence, rendering summary judgment inappropriate. Thus, we cannot conclude, as a matter of law, that the disputed portion of the road was impliedly dedicated to Hardin County. *See* Tenn. R. Civ. P. 56.04 (requiring that the moving party be "entitled to judgment as a matter of law" to grant summary judgment). Accordingly, we reverse the trial court's grant of summary judgment and remand for a trial on the merits.

For the foregoing reasons, we reverse the trial court's grant of summary judgment in favor of MLC. The case is remanded for a trial on the merits. Costs of this appeal are taxed one-half to Appellant, Hardin County, Tennessee, and its surety, and one-half to Appellee, Montana Land Company, for all of which execution may issue if necessary.

 

_____
J. STEVEN STAFFORD, JUDGE